## Richard Lacy v. John B. Wilson.

*Testimony: Presumption as to correctness.* Where one of two parties gives an account of transactions between them, which the other, though a witness in a suit relating thereto, does not dispute or offer in any manner or degree to disprove, it is fair to presume that its general correctness was conceded.

*Tender: Waiver.* A party who declares positively, when an offer is made to him by another, to pay him an alleged claim on behalf of a third person, that nothing is due him, and that he will accept no money, thereby excuses any tender, and is not entitled afterwards to object that money was not particularly counted out and presented to him.

*Charge of court: Misleading jury.* When, in such a case, the court charged the jury that if they should find that the party in his attempt to make a tender of the amount alleged to be due, only took out a pocket-book containing one hundred and fifty dollars, being more than the amount claimed, and said he was ready to pay the amount due, this would not constitute a legal tender of the lesser amount, and also that the party was bound to set apart the specific sum he proposed to pay unless he was prevented from doing so, or the tender was waived:—

*Held,* That while it might be correct as an abstract proposition, yet in view of the denial of any indebtedness, the charge had a tendency to mislead the jury as to the real point in issue, and impress their minds with a belief that the judge was of the opinion that a tender might be necessary on the facts in proof.

*Heard April 10. Decided April 16.*

Error to Lapeer Circuit.

*Gaskill & Geer,* and *George V. N. Lothrop,* for plaintiff in error.

*J. M. Wattles* and *M. E. Crofoot,* for defendant in error.

COOLEY, J.

This case involves the right to certain lumber, which plaintiff claims to have purchased of John and George McLean. The defendant had previously, it appears, bought the same lumber of the McLeans, but his purchase was made on Sunday, and is not now relied upon. In his purchase, a board bill he had against the McLeans, amounting, as he claims, to sixty dollars, was to be applied in payment; but on their declining to adhere to the bargain, defendant testifies that they agreed he should retain the lumber,—which

was then in his possession,—as security for his demand. The plaintiff, when he had bought, attempted to get the lumber, and he narrates the transaction between defendant and himself as follows: "After I had purchased the lumber I attempted to remove it, but Wilson would not allow me to remove it. Wilson said that he had purchased it of the McLean boys the day before. On the same day, at about noon, I saw Wilson, the defendant, in the city of Lapeer, and asked him how much the McLean boy's owed him. He said they did not owe him one cent; said he had purchased the lumber in question from them on the day previous; that they owed him nothing now. I then took out my pocket-book, which contained one hundred and fifty dollars in greenbacks or legal tender notes, and told Wilson I would pay him what the McLean boys owed him for board, if he would tell me how much it was, and I was ready and willing to pay him whatever sum he might claim; but he said they owed him nothing, and that he would not receive any money from me on their account for their board bill. I was authorized by the McLean boys to pay him the board bill. They said they did not know the exact amount of their board bill, but it was about fifty dollars. This was before I offered to remove any of the lumber. I saw him again on the next day, and offered to pay him. I took out my pocket-book which contained the same one hundred and fifty dollars. This was at my place, and he said the McLeans did not owe him and he would not accept any money; said he relied on his purchase."

On the trial in the circuit court, the defendant's claim by purchase being abandoned, the questions litigated were *first*, whether the McLeans had given the defendant a lien on the lumber for their board bill, and if so, then whether this lien had become discharged by his own conduct or by the offer of plaintiff to pay. The defendant was sworn in

the case, and does not appear to have contradicted the account given by the plaintiff of the interview between them, nor does the record disclose contradiction from any other witness. When thus one of the parties gives an account of transactions between the two, which the other, though a witness, does not dispute, or offer in any manner or degree to disprove, it is fair to assume that its general correctness was conceded; and if such was the fact in this case, it is obvious that there was no question before the jury of the sufficiency of any supposed tender to defendant. A party who declares so positively, when an offer is made to pay him, that nothing is due him and that he will accept no money, thereby effectually excuses any tender, and is not entitled afterwards to object that money was not particularly counted out and presented to him which he had declared in advance he would not take. And in a controversy regarding the claim which the offer was made to pay, as no tender will be involved, any discussion to the jury of the question what would constitute a sufficient tender, would obviously be inappropriate, and could only tend to confuse and mislead.

In this case the circuit judge charged the jury that "If the jury shall find that the plaintiff, in his attempt to make a tender of the amount due to the defendant, only took out his pocket-book containing one hundred and fifty dollars, and said to the defendant he was ready to pay him what the McLeans owed him, without offering him any specific sum, when he, Lacy, or the McLeans, his vendors, claimed that they owed him sixty dollars or less, this would not in law constitute a tender of a debt of sixty dollars, or under. The plaintiff, at the time he undertook to make the tender, was bound to set apart and offer some specific sum which he was willing to part with in discharge thereof, unless Wilson prevented his making the

tender, or by his acts and conduct waived the necessity of the tender of a specific amount."

The difficulty with this charge is, that however correct as an abstract proposition of law, it was inapplicable to a case where no facts were in proof upon which a jury could be asked to find a tender essential. It had a tendency to mislead the jury as to the real point in controversy between the parties, and was well calculated to impress their minds with the belief that in the opinion of the judge a tender might be necessary on the facts in proof. If they were thus impressed they could not, of course, find otherwise than as they did; for it was clear that no tender was made out. What the plaintiff relied upon was, a state of facts excusing the making of any tender at all; and to draw the attention of the jury from that issue to the consideration of another which, though not really in the case, would yet appear to have been pressed upon them by counsel, could not well fail to be distracting if not misleading.

We think the judgment should be reversed, with costs, and a new trial ordered.

CHRISTIANCY, CH. J. and CAMPBELL, J., concurred.

GRAVES, J., did not sit in this case.