## BESSLING & ROLLER v. A. T. HOYLE & BRO.

### (No. 2475, R. Book No. 4, p. 252.)

APPEAL from Limestone County.   Opinion by WHITE, P. J.

§ 287. *Contract; penalty; liquidated damages.* In a suit to recover damages for a breach of contract with re-

gard to the sale and purchase of a lot of wool, it became necessary to determine whether a penalty was intended, or liquidated damages, by the following stipulation in the contract, viz.: "Said B. & R. this day leave in the hands of McL. & Co. the sum of $250 as part payment of said wool, said payment to be forfeited in case B. & R. refuse to comply with the terms of this contract; and H. & Bro. this day leave in the hands of said McL. & Co. a like sum of money, to be forfeited in case H. & Bro. fail or refuse to comply with the terms of this contract." *Held*, a contract for liquidated damages. As stated by Mr. Greenleaf, that, "In cases of contract, if the parties themselves liquidated the damages, the jury are bound to find the amount thus agreed. Whether the sum stipulated to be paid upon breach of the agreement is to be taken as liquidated damages, or only as a penalty, will depend upon the intent of the parties, to be ascertained by a just interpretation of the contract. And here it is to be observed that the policy of the law does not regard penalties and forfeitures with favor, and that equity relieves against them. And therefore, because, by treating the sum as a mere penalty, the case is open to relief in equity, according to the actual damage, the same will generally be so considered, and the burden of proof will be upon him who claims it as liquidated damages to show that it was intended as such by the parties. This intent is to be ascertained from the whole tenor and subject of the agreement, the mere words 'penalty,' 'forfeiture' or 'liquidated damages' not being regarded as at all decisive of the question, if the instrument discloses upon the whole a different intent." [2 Greenl. Ev. § 257.]

§ 288. *Same; penalty or liquidated damages?* The question always is, what is the agreement? Is it that one certain thing shall be done, with a penalty added to secure its performance; or is it that one of the two things shall be done, namely, the performance of the act or the payment of the money? If the former, the fact of the penalty being annexed will not prevent equity from enforcing performance of the very thing, and thus carrying

out the intention of the parties; if the latter, the contract is satisfied by the payment of a sum of money, and there is no ground for equitable procedure against the party having the election. [Fry on Specific Performance of Contracts, sec. 67.]

So where the agreement provides that a certain sum shall be paid in the event of performance or non-performance of a particular specified act, in regard to which damages, in their nature uncertain, arise in case of default, and there be no words evincing an intention that the sum reserved in case of a breach shall be viewed only as a penalty, such sum may be recovered as liquidated damages. [11 Tex. 273, citing 3 M. & W. 545; Chitty on Cont. pp. 666, 866; 24 Wend. 630.]

§ 289. *Tender; waived when.* A tender required by a contract will be waived by a party in whose favor it was required, by any acts or words on his part showing that it would not be received. [Mattocks v. Young, 66 Me. 459.] And where a party places his refusal to accept upon certain specified objections, he cannot, after action brought, raise other objections to the tender or mode of tender. [Stokes v. Recknagle, 38 N. Y. Superior Ct. 368; Lacy v. Wilson, 24 Mich. 479; Blewett v. Baker, 37 N.Y. Superior Ct. 23; Whelan v. Reilley, 61 Mo. 565.]

November 11, 1882.        Reversed and remanded.