[No. 13532. In Bank. — May 18, 1891.]

## A. C. ELLIS, Respondent, *v.* ROBERT WOODBURN, Appellant.

Attorney at Law — Assumpsit for Services — Contingent Fee — Quantum Meruit — Implied Contract — Evidence.— A promise to pay a "contingent fee" to an attorney at law is never implied by law from the rendition of his services, but such a promise, if it exist at all, is created by express contract, and in an action upon a *quantum meruit*, for services rendered by an attorney, evidence of other attorneys as to what would be a reasonable contingent fee is inadmissible.

Id. — Denial of Express Contract — Reasonableness of Contingent Fee — Evidence.—Although evidence of the reasonableness of a contingent fee may be given as having a bearing upon the probabilities of the case, where an express contract for a contingent fee is admitted, and the amount of such fee is the only matter of dispute, yet where the controversy is as to whether there was any agreement at all to pay such a fee, evidence of what would be a reasonable contingent fee is inadmissible.

Appeal from a judgment of the Superior Court of El Dorado County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

LXXXIX. Cal.—9

*Blanchard & Swisler*, for Appellant.

*A. C. Ellis, in pro. per., Ben Morgan, Roger Johnson,* and *George H. Ingham,* for Respondent.

DE HAVEN, J. — This is an action by the plaintiff, who is an attorney at law, to recover from defendant the sum of one thousand dollars, alleged to be due on account of professional services rendered by plaintiff to defendant.

The plaintiff recovered judgment for the sum demanded, and the defendant appeals from such judgment and an order refusing him a new trial.

The complaint is in two counts, the first of which states, in substance, that defendant retained plaintiff as his attorney, and that as such attorney, and upon his said retainer, he rendered services in defending a case in the superior court of El Dorado County, in which the Lake Valley Railroad Company was plaintiff, and this defendant and the El Dorado Wood and Flume Company were defendants, "and in counseling and advising therein, and conducting negotiations to a settlement thereof," and that said services so rendered were reasonably worth the sum of fifteen hundred dollars, of which five hundred dollars have been paid.

The second count alleges that plaintiff was employed by defendant as his attorney in the action referred to in the first count, "to defend him against said action, and, if possible, to prevent a condemnation of his land as aforesaid, and to negotiate a sale of his said land, or the timber growing thereon, to said company, and in case said Lake Valley Railroad Company should procure such judgment of condemnation, and construct such railroad, then in case said railroad company should fail or neglect to operate and carry on such railroad in accordance with the laws of the state of California, to commence proceedings to procure a forfeiture of its right to operate and carry on such railroad," — for the agreed price of five hundred dollars, and " the further sum of one thousand

dollars if he should succeed in procuring such judgment of condemnation, or in procuring a sale of defendant's said lands, or the timber thereon, or in procuring a forfeiture of the right of said railroad company to operate said railroad, in case the same should be constructed, and not operated in accordance with law."

The answer of the defendant, as we construe it, denies that the services of plaintiff, as alleged in the first cause of action, were reasonably worth any greater sum than five hundred dollars; and as to the second cause of action, denies that he ever agreed to pay plaintiff one thousand dollars, or any other sum, on either of the contingencies therein alleged, and alleges that he, defendant, "entered into an express contract with plaintiff, whereby plaintiff agreed to render his services as an attorney at law in defending defendant against said action set forth in said complaint, and in all matters connected with said action, and, if possible, to negotiate the settlement thereof by sale of defendant's timber, for the sum of five hundred dollars, and no more," and that the same had been paid.

The issues thus presented for trial were: 1. If the services of plaintiff were rendered under an *express* contract, were the terms of such contract as alleged by plaintiff, or did the answer of defendant correctly state the contract? 2. If the evidence was not sufficient to enable the jury to say that there was an express contract, and what were its terms, then the question would arise as to the reasonable worth of the services actually rendered by plaintiff.

Upon the trial the court admitted the testimony of attorneys as to what would be a fair compensation to plaintiff for the services rendered by him, the witnesses testifying upon the hypothesis that he had contracted to perform them under an express contract for a retainer of five hundred dollars cash, " and the remainder of his fee contingent upon success in case of compromise."

This evidence was objected to by appellant as irrelevant and incompetent.

The first cause of action alleged in the complaint is upon an *implied* contract to pay the reasonable worth of the services rendered, and the evidence objected to was clearly irrelevant as to this, because the law never implies, from the rendition of service, a promise to pay what is known to the legal profession as a " contingent fee." Such a promise, if it exist at all, is the creation of an express contract, and if it should be conceded that it is competent for parties to contract for such a fee, leaving the *amount* to be fixed by evidence as to what would be a " reasonable contingent fee," no such contract is alleged in the first cause of action, and as to that there was no issue to which such evidence could apply.

2. Was the testimony relevant to any issue made by the pleadings as to the express contract between the parties ? The answer to this will depend upon whether such evidence has any tendency to prove the contract alleged by plaintiff, or disprove the one set up by the defendant; and we cannot see how proof of this kind could afford the least aid in determining whether the contention of plaintiff or that of defendant is right, in regard to the terms of the contract made by them. If there had been a dispute as to the *amount* of a contingent fee to be paid, then such evidence would have been relevant as having a bearing upon the probabilities of the case. Testimony as to value or usual price has been frequently admitted in aid of proof of an express contract, where the only fact in dispute was as to the sum agreed to be paid for services rendered thereunder, or for property sold. The principle upon which the evidence is admitted in such a case is, that proof of reasonable value or usual price has some tendency to show the probable price actually agreed on, that being the fact in dispute. Thus in *Swain* v. *Cheney*, 41 N. H. 234, the court, in passing upon this point, says: " That

there was a contract was admitted, and it would seem
that there was no controversy about the terms of it, ex-
cept as to the agreed price for drawing the lumber be-
tween the top of the hill and the depot; and while the
plaintiff testified positively, as it would seem, that this
agreed price was one dollar and fifty cents per thousand,
the defendant probably testified just as positively that
the agreed price was but one dollar per thousand.  Here,
then, there was a single point in dispute for the jury to
settle; and as the evidence was conflicting, the jury
must find the fact to be either one way or the other,
according to the preponderance of the evidence; and if
the direct testimony was evenly balanced, then they
must consider the probabilities of the case, and weigh
them, and thus come to a conclusion.  And it seems to
us that the evidence offered tended to show what was the
common price for conveying that precise kind of lum-
ber over the same road and at the same time, which
would, we think, be competent as tending to show
whether it was more probable that the price agreed to
be paid was one dollar or one dollar and fifty cents per
thousand."

In the present case there was no controversy as to
what would have been a reasonable contingent fee, but
whether there was any agreement at all to pay such a
fee, and it is manifest that proof of what would be a rea-
sonable contingent fee can have no legitimate tendency
to show that there was in fact an express contract for
that kind of fee.

The opinion evidence should have been confined to the
case stated in the first cause of action, or to the particu-
lar contract alleged by the defendant.  Evidence tending
to show that the fee claimed by the defendant as that
agreed upon was not the usual or reasonable fee for such
services would have been admissible as bearing upon
the probability whether plaintiff would have made such
a contract.  But the evidence we have been considering

was entirely irrelevant to any issue involved in the case, and as the verdict is general, so that it is impossible to say that the jury disregarded it, and based their verdict upon the other evidence, the judgment must be reversed.

This case was heretofore determined in Bank, and the same conclusion reached. For the reasons here given, the judgment and order are reversed.

PATERSON, J., HARRISON, J., SHARPSTEIN, J., and GAROUTTE, J., concurred.

McFARLAND, J., concurring. — I concur in the judgment; but, in my opinion, no evidence of the reasonableness of a *contingent* fee is admissible under any circumstances.

BEATTY, C. J., dissented.