[No. 14090.   Department One. — November 28, 1892.]

## A. K. WHITTON, RESPONDENT, v. FRANK J. SULLIVAN, APPELLANT.

ASSUMPSIT — SERVICES RENDERED AS NOTARY AND STENOGRAPHER — PLEADING — COMMON COUNT — CERTAINTY. — A complaint alleging an indebtedness in a certain sum for services rendered as a notary and stenographer in a specified case, at defendant's special instance and request, and stating that said services were reasonably worth the sum specified, of which a specified portion was paid, leaving a certain balance due, for which plaintiff demands judgment, is sufficiently certain, and is not the subject of special demurrer for not stating the time or place of the services, or whether they were performed within two years, or whether the contract was oral or written, or express or implied, or for not stating the separate value of the services rendered as a notary and those rendered as a stenographer.

ID. — EVIDENCE — SPECIAL CONTRACT — CONFLICT OF EVIDENCE — REASONABLE VALUE — AGENCY. — Where it appears in evidence that the services were rendered under a special contract, and conflict of testimony arises as to the amount agreed to be paid, proof of the reasonable value or market price of the services is admissible in evidence, as a general rule, as tending to show what price was agreed to be paid; but this principle does not apply where the contract was made by the defendant with an agent of the plaintiff, who agrees that he made the contract in terms as contended for by the defendant, and where the only dispute is as to whether the agent transcended the authority given him by his principal in making the contract.

ID. — AUTHORITY OF AGENT — EMPLOYMENT OF SERVANT — PRICE OF SERVICES — DISREGARD OF INSTRUCTIONS — LIABILITY OF PRINCIPAL. — Where an agent is authorized to make a contract for the employment of the services of a third person, the principal is responsible for the services performed under the contract actually made by his agent, according to the terms of such contract, though the agent may have disregarded the instructions of his principal, and exceeded the limitations placed upon his powers as to the terms of the contract by contracting to pay a greater price than was authorized.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

The complaint alleged that the defendant was indebted to the plaintiff in the sum of $2,207.80 for services rendered as notary and stenographer in the contested election case of *Frank J. Sullivan* v. *Charles N. Felton*, at defendant's special instance and request, and that said

services were reasonably worth $2,207.80, of which amount $994 were paid, leaving a balance due of $1,213.80, for which plaintiff demanded judgment. The complaint was demurred to for uncertainty as to the time and place where the alleged services were performed, and as to whether they were performed within two years, and as to whether the contract was oral or written, and as to the value of the respective services as notary and as stenographer, and as to the cause of the indebtedness, and whether it arose from an express or implied contract. Further facts are stated in the opinion of the court.

*Frank Sullivan*, for Appellant.

The demurrer should have been sustained, as the complaint contained no allegation as to the time the services alleged were performed. (*Allen* v. *Patterson*, 7 N. Y. 476; 57 Am. Dec. 542; *Foerster* v. *Kirkpatrick*, 2 Minn. 210; *Pavisich* v. *Bean*, 48 Cal. 364; *Wilkins* v. *Stidger*, 22 Cal. 232; *Abadie* v. *Carrillo*, 32 Cal. 172; Boone's Code Pleading, 397; *Magee* v. *Kast*, 49 Cal. 141.) The demurrer should have been sustained because of the improper uniting of two causes of action. (*Buckingham* v. *Waters*, 14 Cal. 147; *Watson* v. *San Francisco etc. R. R. Co.*, 41 Cal. 17.) The court erred in not permitting the defendant to prove the market price of work for which the plaintiff sued, in order to show the probable price actually agreed on between the parties. (*Ellis* v. *Woodburn*, 89 Cal. 129; *Swain* v. *Cheney*, 41 N. H. 234; *Upton* v. *Winchester*, 106 Mass. 330; Abbott's Trial Brief, sec. 308; *Cornell* v. *Markham*, 19 Hun, 275; *Knallakan* v. *Beck*, 47 Hun, 117; *Sturgis* v. *Hendricks*, 51 N. Y. 635; *Cornish* v. *Graff*, 36 Hun, 164; *Harrington* v. *Lilienthal*, 9 Bosw. 224; *Cobb* v. *Wells*, 124 N. Y. 77.)

*Horace G. Platt*, for Respondent.

The complaint was sufficient, although not alleging the time of the performance of the work. (*Pavisich* v. *Bean*, 48 Cal. 364.)

GAROUTTE, J. — Action brought by respondent as a stenographer and notary to recover for services rendered appellant in taking testimony, etc., in a contested election case. A special contract, at the rate of thirty cents a folio for the original, and five cents a folio for copies, is relied upon as the basis of the action. Appellant admits that such was the contract, but insists that it was conditional upon his final success in securing a seat in Congress, and that if such event did not occur, then the contract price was an amount much less than is now claimed by respondent. Appellant was unsuccessful in his endeavors to oust his opponent, and hence asserts that the contract here relied upon was rendered nugatory by the failure of the condition upon which it was based. Under the authority of *Pavisich* v. *Bean,* 48 Cal. 364, and cases there cited, the complaint is unobjectionable.

It is insisted that the court erred in not permitting the appellant to prove the market price for work of a similar character, as tending to show what the contract in this regard really was.

It is a well-recognized principle of law that where a conflict of testimony arises between the parties as to the amount to be paid for services rendered under a contract, that proof of reasonable value or market price is admissible as tending to show, to some extent, what price was agreed to be paid, and this principle is stated and approved in *Ellis* v. *Woodburn,* 89 Cal. 129. But we do not think the question arises in this case. If the conflict of testimony arose between the respondent and Bowden, and not, as it does, between appellant and Bowden, then this principle of law could be successfully invoked. Bowden and respondent agree in all respects as to the terms of the contract, and Bowden, as the agent of appellant, made the contract. Appellant testified: "I do not recollect ever having had any interview with Mr. Whitton; all the business that I did was with Mr. Bowden. I relied upon him as my attorney and confidential

adviser. . . . . I made arrangements with Mr. Whitton through Mr. Bowden, my attorney."

It will thus be seen that Bowden was authorized by appellant to make a contract with respondent to perform this work, and under such authorization he made a contract with respondent, who performed the work thereunder. Appellant's cause of complaint is, simply, that his agent, Bowden, exceeded the limitations placed upon his powers, by contracting to pay respondent a greater price for the work than was included in his authority of agency. But this is a matter between the principal and his agent, and with which the party doing the work has no concern.

This principle is clearly declared in Mechem on Agency, section 283, where the author, speaking as to general and special agents, says: "In either case, the question of the authority of the agent must depend, so far as it involves the rights of innocent third persons who have relied thereon, upon the *character* bestowed, and not upon the *instructions* given. Or in other words, the principal is bound to third persons who have relied thereon in good faith, and in ignorance of any limitations or restrictions, by the *apparent* authority he has given to the agent, and not by the *actual* or *express* authority, where that differs from the apparent, and this, too, whether the agency be a general or a special one." (See also *Bryant* v. *Moore*, 26 Me. 86.) For these reasons, conceding appellant's evidence to be entirely true, the conflict of testimony did not arise as to the amount agreed to be paid to respondent for the labor performed, but arose as to the nature of the authorization given by appellant to Bowden; and hence the evidence offered upon the question as to the market value of that character of work was immaterial, and the principle of law relied upon to sustain the offer entirely inapplicable.

Upon a careful examination of the record, we find nothing additional demanding our attention.

. Let the judgment and order be affirmed.

Paterson, J., and Harrison, J., concurred.

Hearing in Bank denied.

Beatty, C. J., dissented from the order refusing a hearing in Bank.