## Edelen v. Herman, By et al.

(Decided February 3, 1915.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, Number Four).

Contracts—Parol Contract—Services.—In an action under an express parol contract for domestic services, where the only issue is not whether there was a contract or no contract, but what was the real rate of compensation agreed upon by the parties, evidence of the real value of the services rendered and of the customary price of similar services at the time and place of the contract, may be introduced; not for the purpose of varying the contract between the parties, but solely for the purpose of aiding the jury in determining what was the real rate of compensation agreed upon.

SHIELD, CAMPBELL & McATEE for appellant.

E. C. WURTELE and SAMUEL J. LEVY for appellee.

OPINION OF THE COURT BY JUDGE TURNER—Reversing.

Dora Herman, by her next friend, A. Herman, instituted this action against appellant for a balance claimed under the terms of an express parol contract for domestic services rendered by her in appellant's home for 49 weeks at the contract price of $10.00 per week.

Appellant answered, not denying the rendition of the services, but claiming they were rendered under another

and different contract by the terms of which he was to pay appellee $8.00 per month and her board and lodging for such services, and that same had been fully paid.

Appellee is a German girl who, at the time of the contract, had been in this country only a short time, was only sixteen years of age, and spoke very little English; her father came to this country with her from Germany, and he likewise spoke English very indifferently. The father claimed to be a distiller, and hearing that appellant was the owner, or the manager of two distilleries, sought him upon several occasions with a view of procuring employment for himself; upon one of these occasions it developed that he had this daughter for whom he desired to procure employment as a domestic in a home where she would be protected from the temptations of the city.

It is the theory of the plaintiff that at the time of the employment of the daughter by appellant, he also agreed that he would at some future time give her father employment as a distiller at $75.00 per month, and that when such employment of the father should begin the daughter's wages should be reduced to $6.00 per week; but that as the father was never given such employment under the terms of the contract, the daughter was entitled to $10.00 per week for the whole term of service.

It is the theory of the defendant that the father approached him, told him he was anxious to get his daughter in a home where she might be protected, and that appellant told him to bring the daughter to his home and he would let his housekeeper see whether or not she could employ her; that the father and daughter did come to his home and were told that the housekeeper would give her employment, and she would be paid such wages as the housekeeper might think she was worth, after a trial; and that thereafter her wages were fixed by the housekeeper at $8.00 per month, and this fact was communicated to her father, and that the prospective employment of the father as a distiller had no connection whatever with the employment of the daughter.

Appellee and her father testified to the contract as set out in her pleadings, and appellant and his housekeeper testified to the contract as set out in his answer.

The jury found a verdict for the full amount claimed by the plaintiff, and from a judgment on that verdict this appeal is prosecuted.

Appellee, as stated, was only sixteen years of age at the time, and was a skilled domestic in no particular.

On the trial the defendant offered to prove the real value of the services rendered by the plaintiff, and offered to prove by her former employer that she had been employed by him as a domestic just before she went to defendant's home, and that he paid her $2.00 per week for her services; that she was unable to speak English except with difficulty, and was an unskilled domestic and was worth only the wages which he had paid her. Treating that as an offer to prove the customary price of services similar to those rendered by the plaintiff at the time and place of performance the question arises, under the state of the pleadings in this case was such evidence competent as tending to show the real contract between the parties?

Manifestly it was not competent to vary the terms of the contract between the parties, but where only the rate of payment for services under the contract was in issue, and there was such wide divergence between the parties as to the contract price, was it not competent as bearing upon which claim was probably correct?

By way of illustration, if a farm laborer should institute an action against his employer and set up an express parol contract by which he was to be paid $20.00 per day for his labor on the farm, and the employer should answer, admitting the contract except as to the rate of payment, and alleging that under its terms the rate was $2.00 a day and not $20.00, can it be doubted that the defendant might show the unreasonableness of the contract asserted by the plaintiff by showing that the customary price for labor, at the time in that community, was $2.00 per day? And this, not for the purpose of varying or changing the contract, but for the sole purpose of enabling the jury to reach a fair conclusion as to what was the real contract.

The precise question involved here has not been passed upon in this State so far as we have been advised, but we are not without ample authority to sustain our view that the evidence was competent.

In 9th Cyc., pages 767-8, the rule is thus stated:

"Where there is a direct conflict of evidence as to the agreed rate of payment, the actual value of the services rendered, of the property sold, or of materials furnished at the time of making of the contract may be proved, as such evidence tends to show whose contention is probably correct."

And in the note to that text it is said:

"These cases proceed upon the principle that in controversies where a special agreement is alleged on one side and is denied on the other, it is relevant to put in evidence any circumstances which tend to make the proposition at issue either more or less improbable; and this not to change the contract, but as evidence bearing upon the probability that the contention of one party is correct rather than that of the other."

In third Vol. Ency. of Evidence, page 517, we find the rule stated in a different form, to-wit:

"Thus on an issue as to whether or not a contract was made as claimed, any circumstances bearing thereon, or any evidence which tends to render that fact probable or improbable' is relevant, provided, of course, the evidence is not otherwise objectionable."

The case of Campau v. Moran, 31 Mich., 280 (Cooley, J.), was where Moran sued Campau on a verbal contract to recover the contract price of work done upon a certain structure; the defense set up a very different contract calling for a much more substantial structure. The court, in passing upon the admissibility of evidence that the cost of building the structure in the manner contended for by defendant would be much more than the contract price, said:

"When the parties were thus distinctly at issue upon the terms of the contract, evidence that the cost of performance of such a contract as the defendant set up, would be greatly in excess of the contract price, would certainly afford some reasonable ground for believing that defendant is in error on the facts. We can very well conceive of cases in which such evidence might be forcible."

The case of Ellis v. Woodburn, 89 Cal., 129, was where a lawyer sued for a contingent fee under the terms of a contract in addition to the retainer which he had already received; the defendant denied the agreement to pay the contingency, and alleged an express contract upon the part of the plaintiff to render the services for the amount of the retainer, which had been paid, and no more. The court in holding that evidence of the value of the services rendered was incompetent, said:

"If there had been a dispute as to the amount of a contingent fee to be paid, then such evidence would have been relevant as having a bearing upon the probabilities of the case. Testimony as to value or usual price has been frequently admitted in aid of proof of an express

contract, where the only fact in dispute was as to the sum agreed to be paid for services rendered thereunder, or for property sold. The principle upon which the evidence is admitted in such a case is, that proof of reasonable value or usual price has some tendency to show the probable price actually agreed on, that being the fact in dispute.''

The Supreme Court of N. H. in Swain v. Cheney, 41 N. H., 234, in discussing a similar question, said:

"That there was a contract was admitted, and it would seem that there was no controversy about the terms of it, except as to the agreed price for drawing the lumber between the top of the hill and the depot; and while the plaintiff testified positively, as it would seem, that this agreed price was one dollar and fifty cents per thousand, the defendant probably testified just as positively that the agreed price was but one dollar per thousand. Here, then, there was a single point in dispute for the jury to settle; and as the evidence was conflicting, the jury must find the fact to be either one way or the other, according to the preponderance of the evidence; and if the direct testimony was evenly balanced, then they must consider the probabilities of the case, and weigh them, and thus come to a conclusion. And it seems to us that the evidence offered tended to show what was the common price for conveying that precise kind of lumber over the same road and at the same time, which would, we think, be competent as tending to show whether it was more probable that the price agreed to be paid was one dollar or one dollar and fifty cents per thousand.''

There are many authorities to the same effect, but, without quoting them further, it may be said that the decided weight of authority is that where the question is not whether there is a contract or no contract, but what was the real rate of compensation agreed upon by the parties, evidence of the value of the services rendered, and of the customary price of similar services at the time and place of the contract, may be introduced, not for the purpose of varying the contract between the parties, but solely for the purpose of aiding the jury in determining what was the real rate of compensation agreed upon by them.

In this view of the case the evidence offered by the defendant should have been admitted.

For the reason given the judgment is reversed with directions to grant appellant a new trial, and for further proceedings consistent herewith.