[Civ. No. 2557. First Appellate District. Division One.—December 26, 1918.]

# FLOYD C. THOMAS, etc., Respondent, v. H. C. FURSMAN et al., Defendants; W. HUFF et al., Appellants.

ASSIGNMENT—ACTION BY ASSIGNEE—PROOF OF EXECUTION OF ASSIGNMENT.—In an action by the assignee of an assigned claim, any defect in proof of the assignment was cured by subsequent evidence of the assignment, though introduced as part of defendant's case, and long after plaintiff's case was closed.

ID.—ASSIGNMENT IN BLANK—AUTHORITY TO FILL IN.—One to whom an assignment is delivered in blank is authorized to fill in the name of the assignee.

ID.—SCOPE OF ASSIGNMENT.—An assignment in writing of all claims and demands of the assignor of any nature whatsoever is not limited by a further paragraph in the same instrument assigning all the assignor's claims arising between certain specified dates.

ID.—ASSIGNMENT WHILE ACTION PENDING—SUBSTITUTION OF PLAINTIFF —AUTHORITY OF ATTORNEY.—The authority of an attorney to appear and ask for the substitution, as plaintiff, of one to whom a claim has been assigned during the pendency of an action, is presumed, in the absence of evidence to the contrary.

ID.—DELIVERY—PRESUMPTION.—Production of an assignment by the plaintiff's attorney raises a presumption of delivery that is sufficient in the absence of evidence to the contrary.

ID.—ANSWER—DENIAL OF ASSIGNMENT—EVIDENCE.—In an action on an assigned claim where the defendant's answer denied the assignment, evidence offered by the defendant of an assignment to some person other than the plaintiff, which was not set up in the answer, was properly excluded.

ACTION FOR SERVICES AND MATERIALS—SUFFICIENCY OF PROOF.—In an action for services and materials, proof that the plaintiff's assignor furnished and drove automobiles carrying men and supplies for mining work which was being performed for defendant in a desert country was sufficient, even though no "material" such as merchandise was furnished.

PARTIES—DEATH OF PARTY PENDING ACTION—SUBSTITUTION OF ADMINISTRATOR.—Under section 385 of the Code of Civil Procedure, upon proof of the death of the defendant pending an action and appointment of his administrator, it is proper for the court to permit the substitution of the administrator as defendant.

ID.—PRESENTATION OF CLAIM—PLEADING.—Under section 1502 of the Code of Civil Procedure, on the death of a defendant pending an

action, the plaintiff must file his claim or present it to the executor or administrator for allowance or rejection, and a supplemental pleading should be filed, showing this presentation.

ID.—NONALLOWANCE OF CLAIM—PROOF.—Proof of the nonallowance of the claim was not necessary, where the administrator did not set up the allowance of the claim in his answer.

ID.—NONPAYMENT OF CLAIM.—Proof of the negative allegation of nonpayment of such a claim is not required.

PRINCIPAL AND AGENT—AUTHORITY OF AGENT—EVIDENCE.—In an action against the owners of mining claims for services and materials furnished, the evidence is held sufficient to support a finding that the defendants' agent had authority to hire certain automobiles of the plaintiff's assignors.

ID.—GENERAL AGENT—LIMITATION ON AUTHORITY.—Third persons dealing with a general agent are not bound by special limitations on his authority unless called to their attention.

HUSBAND AND WIFE—WAGES OF HUSBAND—ASSIGNMENT—CONSENT OF WIFE.—Section 955 of the Civil Code making the written consent of the wife of a married man necessary to the validity of an assignment of his wages or salary is not retroactive and has no application to a claim for wages or salary earned before that section took effect.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Daniel C. Deasy, Judge. Affirmed.

The facts are stated in the opinion of the court.

Welles Whitmore, Charles L. Chandler and Harry C. Davis for Appellants.

Walter Slack and Joseph K. Hutchinson for Respondent.

BEASLY, J., *pro tem.*—This is an appeal from a judgment entered on a verdict in favor of the plaintiff and against the appellants, namely: W. Huff, E. Thompson, H. A. Baker and Charles L. Chandler, administrator. The action was commenced on the second day of July, 1913, by M. A. Varney, as plaintiff. Mr. Varney died in Los Angeles on the fifteenth day of March, 1914, and afterward, on the eighteenth day of May, 1914, Floyd C. Thomas was substituted as plaintiff, the cause of action having been assigned to said Thomas.

The action was prosecuted for a balance of $3,670 alleged to be due for the reasonable value of services rendered and

materials furnished to the defendants between the seventeenth day of December, 1911, and the twenty-sixth day of February, 1912, by M. A. Varney.

The complaint contains a second count alleging that the defendants agreed to pay the sum of $4,170 upon the same considerations as those set forth in the first count, of which it is alleged that five hundred dollars has been paid.

The case was tried by a jury and resulted in a verdict of $2,810 against the appealing defendants. On the trial of the case the plaintiff offered, and the court admitted, in evidence, a purported assignment from M. A. Varney to Floyd C. Thomas, as the basis for the plaintiff's right to recover. The proof of execution of the instrument which constituted the foundation upon which its introduction was predicated was a certificate of acknowledgment before a notary public which it is claimed was insufficient for this purpose because of failure to conform to the provisions of the code as to the contents of such certificates. But Mrs. Varney testified substantially to the execution of this instrument by her husband, the assignor, and although this evidence was introduced as a part of the defendants' case and long after plaintiff's case had been closed, it still cured any defect of foundation for the introduction of the assignment in evidence.

It is contended that the assignment, at the time it was executed by Varney, was made in blank, that is to say, the name of the assignee was omitted therefrom. This name was afterward inserted. Varney received one thousand dollars for the assignment. The assignment was produced by plaintiff's counsel. Who, if anyone, was authorized to deliver this to the plaintiff does not appear. But the fact that he did have it in his possession, and produced it at the trial, was evidence of its delivery in the form in which it was offered. And further it has been held that blanks of any description left in writings not under seal may, except so far as they may be prohibited by the statute of frauds, be filled pursuant to parol authority, and it has been laid down generally that if one signs an instrument containing blanks, he must intend it to be filled in by the person to whom it is delivered. (2 C. J., sec. 119, p. 1242; *Hunt* v. *Adams*, 6 Mass. 519.) This is just in this case, for Varney received one thousand dollars in money for the assignment and unquestionably intended to convey his interest in the contract in suit by the assignment.

The assignment covers a claim against the defendants from December 10, 1911, to the first day of February, 1912. The action is to recover on a claim for services rendered from the seventeenth day of December until the twenty-sixth day of February, 1912. It is claimed that the action omits seven days' services, from December 10, 1911, to December 16, 1911, at $60 per day, the amount claimed, and which the evidence showed was the contract price for the services counted upon in the action. It is also contended that the action includes twenty-six days' services not covered by the assignment. Upon this statement it is contended that M. A. Varney retained an interest in the claim and in this suit, and that the representative of his estate is a necessary party to the action for a final determination of the same. But the assignment covers all of Varney's right, title, and interest in and to any claims or demands of any nature whatsoever held by him at the time against the defendants or either or any of them, together with all moneys that might be received or collected on account of said claims by legal proceedings or otherwise. The provision of the assignment thus paraphrased is broad enough to include all of the claims of Varney against the defendants under the contract, nor are these provisions of the assignment narrowed by the further assignment of all Varney's demands against the defendants arising between the dates mentioned in the later paragraph of the assignment.

An objection was made to the substitution of plaintiff in this action on the ground that the attorney who asked the substitution showed no authority to appear for the assignee, Thomas, plaintiff in the action. His authority to so appear is presumed in the absence of evidence to the contrary.

Plaintiff also now objects to the appearance of the attorney on the ground that the estate of Varney still retains an interest in the suit. That point is covered by the above recited provisions of the assignment.

It is also contended that there was no evidence that the assignment was delivered, but, as has been said, its production by the plaintiff's attorney raises a presumption of delivery that is sufficient in the absence of any evidence to the contrary. Objection is made to the sufficiency of the delivery on the ground that it was not delivered to Thomas, the plaintiff, personally. But it appears in evidence that it was delivered to his attorney, and as this action was mentioned in the assign-

ment, and as the assignment covered the claims herein sued upon, a delivery of the assignment to the attorney was a sufficient delivery to his client, the plaintiff.

It is contended that the evidence shows that Varney did not furnish any materials in the sense that the term is generally used, but it appears in evidence that he did furnish two automobiles, driving one himself and an employee driving another, and that they used the automobiles to carry men to Searles Lake to do certain work on placer mining claims located by the defendants, and that Varney also, with these machines, hauled supplies to the men, carried them back and forth from the camp to the place where their labor was performed, hauled water for them, and did other necessary work of transportation in connection with assessment work being done for the defendants at Lee's direction. It appears that the country where the work was being performed was a desert country; that the water had to be hauled for the men from a distance, and it is fairly shown that the work done by Varney with his machine was necessary for the accomplishment of the assessment work, and also that it was of the reasonable value provided for in the contract. We think this brings the claim within the allegations of the complaint, even if no material, such as merchandise, was furnished.

H. C. Fursman, named originally as one of the defendants in the action, died pending the action and after the complaint was filed. Upon his death, his administrator was substituted in his place as the defendant, and a claim, duly verified, was presented to the administrator for the demands declared upon in plaintiff's complaint. The complaint was not amended after this claim was presented to the administrator so as to show its presentation, and it is claimed that this is a fatal omission from the complaint, and that therefore the judgment should be reversed. The proceedings for substitution of his representatives, upon the death of a defendant pending an action, are set forth clearly in sections 385 and 1502 of the Code of Civil Procedure. It was proper for the court, upon the death of Fursman and the appointment of his administrator, and upon the suggestion of death, to permit the substitution of his administrator in his place as a defendant. (Code Civ. Proc., sec. 385.) And it is provided in section 1502 of the Code of Civil Procedure, that if an action is pending against the decedent at the time of his death, the plaintiff

must file his claim with the clerk, or present it to the executor or administrator for allowance or rejection, authenticated as required in other cases. And it is further provided that no recovery shall be had in the action unless proof be made of such filing or presentation. It is nowhere provided in the code that the original complaint must be either amended or supplemented to show this presentation of the claim. The purpose of a pleading is to advise the defendant of the cause of action claimed against him. The presentation of the claim to the administrator of the estate leaves nothing further to be desired, it seems to us, in the way of notice of the plaintiff's claim, where action is pending upon it, and the omission from the code of a provision for the amendment of the pleadings, or the filing of supplemental pleadings to show the presentation of the claim in such cases, seems to us, under these circumstances, to be therefore both significant and proper, and we are of the opinion that the legislature did not intend to make it necessary to file such amendment or supplemental pleading, and if it had so intended it would have so stated in the code.

It is further contended that the judgment must be reversed, because it does not appear that the claim was not allowed. If there was anything in this point, it seems to us that the answer would be that Fursman's administrator is here contesting this claim without having alleged that it was allowed or having made any claim in the trial court that it had been allowed. The allowance of the claim by the administrator, if it had been allowed, was a matter of peculiar knowledge upon the part of the administrator, and, if he had allowed the claim, he should have set that fact up in his answer, or by way of amendment thereto. Appellants further contend that there is no proof of the nonpayment of this claim. Proof of the negative allegation of nonpayment of such a claim is not necessary. (*Melone* v. *Ruffino*, 129 Cal. 514, [79 Am. St. Rep. 127, 62 Pac. 93]; *Miller & Lux* v. *Dunlap*, 28 Cal. App. 313, [152 Pac. 309].)

It is contended that the hiring of Varney's cars was not within the scope of Lee's authority. The facts on this subject are these: Lee located 175 placer mining claims of one hundred and sixty acres each on or in the neighborhood of Searles Lake, in San Bernardino County, in the names of and for the benefit of the defendants in this action. They left him ab-

solutely a free hand in dealing with the claims.   According to
their own testimony, they fully trusted him to do everything
in and about the location of these claims, and for the protec-
tion of their rights therein.   Huff, in his testimony, said that
he left the assessment work to Lee to do, and Thompson testi-
fied that she requested Lee to do whatever was required in
California as her agent.   Without going into the details of
these facts, it is clear that Lee was the general agent of the
defendants for the purpose of doing the assessment work
yearly, necessary to the preservation of the title to these claims.
The three living defendants, Huff, Thompson, and Baker, tes-
tified that they had an understanding with Lee to the effect
that he was to furnish the money to pay for the assessment
work on these claims, and they contend that this limitation
upon his authority was binding upon plaintiff's assignor,
Varney.   If it be conceded that this is true, there was still
evidence sufficient to support a conclusion by the jury that
their statements on the witness-stand as to this agreement with
Lee that he should pay for the assessment work, were untrue,
for it appeared in the verified complaint, filed in certain other
litigation by the parties sometime before their depositions were
taken, that Lee paid one thousand dollars for them in their
*pro rata* shares for this assessment work and directed the
further application by one Pack of the further sum of $1,836
"due and owing" to appellants, for the payment of this same
work.   This, in itself, negatives their statements that they
had an agreement with Lee that he should bear the expense
of the assessment work personally.   But aside from this it has
been held that such a limitation upon the powers of a general
agent is not binding upon third persons dealing with him
as such unless called to their attention.   (*Whitton* v. *Sullivan,*
96 Cal. 480, [31 Pac. 1115] ; *Browning* v. *McNear,* 158 Cal.
525, [111 Pac. 541].)

Defendants offered in evidence what purported to be an
assignment of these same claims identical in form with the
plaintiff's assignment, except that it ran to Eloyd C. Thomas
instead of Floyd C. Thomas.   Objection of the plaintiff to this
was sustained.   There was no allegation that plaintiff was not
the real party in interest in this case except a denial of the
assignment to him.   There was nothing in the pleadings to
apprise the plaintiff that this assignment to Floyd C. Thomas,
identical in all respects with the one offered by plaintiff, but

for the slight difference in the spelling of the Christian name of the assignee, was in the possession of defendants or their counsel. It was not within the issues made by the pleadings. Objection was, therefore, properly sustained. (*Selleck* v. *Manhattan Fire Alarm Co.*, 117 N. Y. Supp. 964.)

Plaintiff moved to strike out the assignment after it had been admitted in evidence on the ground that the claim was for wages, and that Mrs. Varney's written consent was not attached thereto, and for the validity of this objection stand upon section 955 of the Civil Code, the material portion of which reads:

"No assignment of, or order for, wages or salary made by a married person shall be valid unless the written consent of the husband or wife of the person making such assignment or order is attached to such assignment or order."

Section 955 of the Civil Code, became a law and took effect on August 10, 1913. The cause of action sued upon here accrued in February, 1912. The section was not retroactive. The claim under the contract constituted property in Varney acquired before section 955 took effect, and the section not being retroactive Mrs. Varney's consent to the assignment was not necessary. (*Spreckels* v. *Spreckels*, 116 Cal. 339, [58 Am. St. Rep. 170, 36 L. R. A. 497, 48 Pac. 228]; *Duncan* v. *Duncan*, 6 Cal. App. 404, [92 Pac. 310].)

Appellants complain of many errors which they claim were committed by the court in instructing or refusing to instruct the jury. The first objection is that the court modified two instructions asked by the defendants, to the effect that the defendants might authorize the hiring of automobiles, by inserting thereafter the words "expressly or impliedly." This is not an incorrect statement of the law, and, besides, at appellants' request, the court instructed the jury that before they could hold the defendants liable, they must find that they either expressly or impliedly authorized the expenditure with which they were charged. This was tantamount to a request by themselves for an instruction in effect like those modified by the court.

To the instruction that before the plaintiff could recover, it must be shown that the automobiles were hired from Varney by the defendants, the court added the words "or their agent," and it is contended that this was erroneous because

the court did not, in addition thereto, add that the agent must be acting within the scope of his agency.

The jury was explicitly instructed in other parts of the charge that Lee must have acted within the scope of his apparent authority before the plaintiff could recover. This covers the point.

It seems to us that the many other objections to the instructions given or refused by the court are all covered by the fact that the court gave these instructions in perhaps different form, but in effect. The jury was elaborately instructed, and it seems to us, after reading the entire charge, that no valid complaint can be made on this score.

The judgment is affirmed.

Lennon, P. J., and Sturtevant, J., *pro tem.*, concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 24, 1919, and the following opinion then rendered thereon:

THE COURT.—In denying the application for a hearing in this court after decision by the district court of appeal of the first appellate district, division one, we deem it proper to say that we do not approve of that portion of the opinion which substantially declares that where in an action *ex contractu* the defendant dies pending determination in the trial court, the law does not contemplate the filing of a supplemental complaint alleging the presentation of a claim against the estate as required by section 1502 of the Code of Civil Procedure. The proper practice undoubtedly is to serve and file such a complaint alleging compliance with the statute. Proof of presentation of the claim as required is made by the statute essential to recovery, and this implies an allegation of the fact upon which issue may be joined if desired, and a finding where issue is joined. No point as to this is made in the petition for hearing, and the opinion shows that there is no controversy as to the fact of due presentation of the claim. No such prejudice appears as would justify a reversal on account of this matter.

All the Justices concurred.