[Civ. No. 6392. First Appellate District, Division One.—December 27, 1928.]

K. KUROKAWA et al., Respondents, v. ARAM SAROYAN et al., Appellants.

Conley, Conley & Conley for Appellants.

M. F. McCormick and Irvine P. Aten for Respondents.

THE COURT. — The above action arose out of certain farming operations carried on by the defendants in Fresno County in connection with which the plaintiffs were employed. The complaint by separate causes of action alleged claims for labor furnished and moneys advanced to the defendants, with a further claim for money had and received to the use of the plaintiffs. Defendants alleged in their

answer among other defenses payments on account together with several counterclaims against the plaintiffs. The trial court—a trial by jury having been waived—found that the balance of plaintiff's claims unpaid amounted with interest to $7,862.90, from which should be deducted the sum of $882.25 found to be due to the defendants on their counterclaims, and entered judgment against the latter for $7,040.65.

Defendants appeal from the judgment, and contend that the trial court erroneously admitted certain testimony over objection; that its conclusion with respect to plaintiffs' first and second causes of action and to several items of the counterclaims are unsupported and that the findings are conflicting.

It was alleged in the first cause of action, and the court found, that plaintiffs were employed to plow, cultivate, and irrigate land owned by defendants aggregating 250 acres; to prune and hoe the trees and vines thereon and to sulphur the vines; that the work was to be done during the season of 1925, was to continue to the date when the picking of the crops thereon commenced, namely, to July 22, 1925, and that the defendants agreed to pay therefor the sum of $6,000; that plaintiffs further agreed to furnish all necessary labor for picking and harvesting the crops produced thereon during the season, and also to harvest other crops of grapes which the defendants purchased during that year; and that the latter agreed to pay forty cents per hour for labor furnished under the last-mentioned agreement, the total amount furnished thereunder by the plaintiffs, as found by the trial court, being 14,193¾ hours.

It was alleged as a second cause of action, and the court found, that during the time that the contract set forth in the first cause of action was being performed plaintiffs at the request of defendants furnished the labor for additional work, which consisted of leveling, preparing, and planting eleven acres of land to Alicanti grapes, three acres to strawberries, farming and caring for the same, and picking and delivering portions of the crops thereon, and also in hauling tools and performing work in and about the packing-house of defendants; and that plaintiffs completed the latter contract on July 22, 1925, and furnished pursuant thereto 5,277 hours of labor, for which the defendants agreed to pay thirty-five cents per hour.

The defendants contended that all farming work on the land described in the first cause of action, including the harvesting and marketing of the strawberries mentioned in the second cause of action during the whole season of 1925, was under their agreement with plaintiffs to be done for $6,000, it being further agreed that the defendants should pay to the plaintiffs the reasonable value of all services rendered in harvesting such crops other than the strawberry crop as might be produced thereon.

The plaintiffs upon demand served and filed a bill of particulars purporting to state the items of their claims for labor furnished, from which it appears that a portion of the services for which recovery is sought under their first cause of action, namely 5,734½ hours, was not rendered in connection with the harvesting of the crops described therein, but was rendered between July 17, 1925, and about November 27, 1925, in irrigating and cultivating certain Mission and Thompson grapes, picking oranges, doing general ranch and packing-house labor and in the operation of two automobile trucks for defendants. Defendants therefore contend that neither the allegations of the first cause of action, nor the findings which, with respect to the character of the work done, follow these allegations, are supported by the evidence.

The complaint, however, as stated above, alleged a number of hours claimed under this cause of action, the same number being shown by the bill of particulars, which also showed the character of the work done. In addition, the plaintiffs testified without objection or contradiction in support of the facts shown by the bill of particulars, and that this labor was performed for the agreed price of forty cents per hour.

■ A bill of particulars is to be regarded as an amplification of the complaint, and for the purpose of determining the plaintiffs' right of recovery or the admissibility of evidence in support of the claim is to be considered as incorporated into the complaint as originally filed (*Millet* v. *Bradbury*, 109 Cal. 170 [41 Pac. 865]; *Treadwell* v. *Nickel*, 194 Cal. 243, 263 [228 Pac. 25]; *Ames* v. *Bell*, 5 Cal. App. 1 [89 Pac. 619]; *Gage* v. *Billing*, 12 Cal. App. 688 [108 Pac. 664]); ■ and where it appears from the record that the case was tried upon the theory that the pleadings were sufficient to raise certain issues, and no objection was made in the court below to the introduction of evidence upon those issues,

the point that the findings are not within the issues presented by the pleadings cannot be raised for the first time on appeal (*Moore* v. *Campbell*, 72 Cal. 251 [13 Pac. 689]; *Sprigg* v. *Barber*, 122 Cal. 573 [55 Pac. 419]; *Silvers* v. *Grossman*, 183 Cal. 696, 702 [192 Pac. 534]).

The trial court having found, according to the allegations of the complaint and the bill of particulars, the number of hours of labor furnished, and this finding being supported by the evidence, which also showed without conflict that the character of the work done was as stated in the bill of particulars, it only remained for the court to make findings accordingly. While in the above respect there was a failure to do so, the appellate court is authorized to make findings contrary or in addition to those made by trial court (Const., art. VI, sec. 4¾; Code Civ. Proc., sec. 956a; *Kirk* v. *Culley*, 202 Cal. 501 [261 Pac. 994]), and the present is a case for the exercise of the power.

Appellants also claim that the items of work alleged under the second cause of action to have been done for the defendants were but duplications of the items shown by the bill of particulars for which compensation was claimed and allowed under the first cause of action.

While certain work was similar in character, according to the bill of particulars and the evidence, the services under the second cause of action were fully rendered before those alleged in the first cause of action commenced.

The evidence fully supports the conclusion of the trial court as to the number of hours of labor furnished by plaintiffs, as it does likewise the finding against the contention of the defendants that more labor was to be rendered for the $6,000 than that alleged and testified to by the plaintiffs. The finding which is contended by defendants to be conflicting on its face and with others was based upon certain allegations in their answer to plaintiffs' first cause of action. As stated, defendants claimed by their answer that the sum last mentioned above covered all the farming work done on the land described in that cause of action for the season of 1925, including the harvesting and marketing of the crop of strawberries, the finding in effect being that none of the work other than as alleged by plaintiffs was included within the terms of the contract price of $6,000, as alleged by defendants. When read in connection with

the pleadings, no conflict on the face of the finding nor with the other findings, as claimed by defendants, appears.

■ We find no merit in the further contention that the findings against defendants on certain of their counterclaims are without support, as an examination of the record shows either a conflict in the testimony or circumstances tending to contradict the testimony of the defendants in those respects, where the conclusions of the court were adverse to their claims. ■ Three witnesses for the plaintiffs were permitted over objection to testify in rebuttal as to the reasonable cost of performing the work described in the first cause of action, which defendants claimed was covered by the contract price.

This testimony was introduced for the purpose of showing that this amount was the reasonable value of the work contracted to be done to July 22, 1925, and to show the improbability of the defendants' claim that the agreement was that this amount should be compensation for all farming operations during that year. Defendants claim that no proper foundation for the testimony was laid; that it did not take into consideration the exact nature and quality of the work to be done or the location and character of their property.

One of the witnesses was an experienced vineyardist, engaged in farming land in the vicinity and who was familiar with that owned by defendants. Another, for several years immediately preceding the trial, had been the secretary of an organization of fruit growers in the San Joaquin Valley, known as the Valley Fruit Growers' Association, and whose duty it was to investigate and compile the costs of the various farming operations in connection with vineyards, and advise vineyardists in these respects, this information being gained among other sources from interviews with vineyardists and at meetings of the latter held at the various farm centers. A third was a Japanese, engaged in the growing of strawberries in Fresno County, who testified as to the cost per acre of planting and growing the same on lands similar in kind to that owned by defendants. This testimony was competent and relevant for the purpose offered and was properly admitted (*Ellis* v. *Woodbury*, 89 Cal. 129, 132 [26 Pac. 963]; *Whitton* v. *Sullivan*, 96 Cal. 480, 482 [31 Pac. 1115]; *People* v. *Crane*, 34 Cal. App. 760

[168 Pac. 1055]; *Swain* v. *Cheney*, 41 N. H. 234; 13 Cor. Jur., p. 774, Contracts, sec. 975).

Further it is claimed that the court in arriving at its conclusions took into consideration facts within its knowledge as an individual and which were not shown by the evidence adduced at the trial.

This suggestion is wholly unwarranted by the record. During the course of the trial the court, referring to a statement of defendant Bagdasarian, who was under examination as a witness, to the effect that plaintiffs were receiving commissions from their workmen, made the following remark: ''The court has got a pretty good knowledge of those things, how those things are managed—not as a court but as an individual.'' Following the remark, the attorneys for the plaintiff said, ''Well, we are willing to stipulate that the court will draw on his personal experience to the full extent.'' No such stipulation was made, nor was the matter again referred to by the court or by counsel, and nothing appears which supports defendants' claim.

Lastly, it is urged that the conclusion of the trial court that the obligation of the plaintiffs to furnish labor under the first contract was to continue only to July 22, 1925, the date when they commenced to pick the first crop which matured on defendants' ranch, is erroneous, the defendants contending in this regard that by the agreement that such obligation should continue from the time of the commencement of the picking of the crops thereon the parties meant that all labor necessary for the farming of the premises should be furnished for the lump sum mentioned up to the date when the picking of the last crop which matured thereon should begin.

The contract was oral; and in view of the facts shown, the construction placed thereon by the trial court was reasonable and consistent with the true intent of the parties. Under such circumstances its conclusion will not be disturbed (*Smyth* v. *Tennison*, 24 Cal. App. 519 [141 Pac. 1059]; *Slama Tire Protector Co.* v. *Ritchie*, 31 Cal. App. 555 [161 Pac. 25]; *Manley* v. *Pacific Mill & T. Co.*, 79 Cal. App. 641 [250 Pac. 710]).

After an examination of the entire record including the evidence we are satisfied that the conclusions of the trial court are fully sustained and that no error is shown which

would justify a reversal of the judgment. The court therefore makes the following findings in lieu of paragraphs 2, 4, and 5 of the findings made by the trial court under the first cause of action in plaintiffs' amended complaint:

"2. At the same time and as a part of said agreement plaintiffs agreed to do all the necessary work for the picking and harvesting of crops to be produced upon said premises during the season of 1925, and to harvest other crops of grapes that defendants intended to and should purchase during said season; that plaintiffs further agreed to perform and did perform between July 17 and November 27, 1925, for defendants at their request other work in picking oranges, irrigating and cultivating the same, irrigating and hoeing strawberries, cultivating and irrigating Mission and Thompson grapes and pomegranates, general ranch work on land owned by defendants and known as the new ranch, work in and about defendants' packing houses, together with services in hauling, by means of two automobile trucks owned by the latter; that the harvesting and other work mentioned in this paragraph was done under the supervision of defendants as had been agreed; that it was agreed that defendants should pay the rate of wages to be agreed upon at the time the above work commenced; that the payment of said wages should be made from time to time as demanded by plaintiffs, and should be fully paid upon completion of said work; and it was further agreed that plaintiffs should employ, hire and furnish all of the necessary labor for the carrying on of said operations."

"That in addition to the foregoing work the plaintiffs agreed to cure and did cure about twenty-five tons of raisins for defendants at the agreed price of ten dollars per ton, and about seven tons of figs at the agreed price of twelve dollars per ton."

"4. That on or about the 29th day of June, 1925 and before the commencement of the work described in paragraph 2 of these findings plaintiffs and defendants agreed that the price per hour for all labor furnished therefor by the plaintiffs should be forty cents per hour; that on the 22nd day of July, 1925 plaintiffs commenced the harvesting of the crops upon the land described in paragraph 1 of these findings and completed the same; that they furnished for that purpose 8,459¼ hours of labor; that in addition thereto plaintiffs

between July 17, 1925 and November 27, 1925 performed the work described in paragraph 2 of these findings as other work, and in so doing furnished 5,734½ hours of labor; that all of said work was completed prior to November 27, 1925, and that the total sum agreed to be paid therefor was the sum of $5,677.50.''

''5. That the defendants paid on account of the contract for the farming of said lands prior to the time of the commencement of the harvesting of said crop the sum of $5,650.00 and no more, and that there remains now due and unpaid, as a balance on said contract price the sum of $350.00, with interest thereon from the 27th day of November, 1925, at the rate of seven per cent; that the defendants have paid on account of labor performed in the harvesting of said crops and other work furnished as aforesaid by the plaintiffs $3,838.60, and that there remains now due, owing and unpaid on account thereof the sum of $1,838.90, together with interest thereon at the rate of seven per cent per annum from the 27th day of November, 1925; that by reason of the harvesting and curing of the said twenty-five tons of raisins at the agreed price of ten dollars per ton there became due from the defendants to the plaintiffs the sum of $250.00, and that by reason of the harvesting and curing of seven tons of figs at the agreed price of twelve dollars per ton there became due and owing to the plaintiffs the sum of $84.00, and that all of said work was completed on or before the 27th day of November, 1925, and said sums have not been paid, and that there remains now due, owing and unpaid on account thereof the sum of $334.00 with interest thereon at seven per cent from the said 27th day of November, 1925.''

The judgment is affirmed.