[Civ. No. 8548.   Second Appellate District, Division Two.—March 29, 1935.]

JOHN R. CASE, Jr., et al., Respondents, v. McCONNELL & FORRESTER (Copartners) et al., Defendants; BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION (a National Banking Association) et al., Appellants.

Freston & Files and Ralph E. Lewis for Appellants.

Janeway, Beach & Hankey for Respondents.

THE COURT.—On rehearing complaint is made that the trial court in its findings and this court in its opinion on appeal failed to give complete consideration to the provisions

of Civil Code, section 2318, relating to constructive notice of the restriction upon the authority of an agent. It is urged that appellants, who were the beneficiaries of the trust, are entitled to the safeguard of the provisions in the trust agreement which limited liability to be incurred by their agents Forrester and McConnell to the trust assets.

The commissions here sued on and for which judgment was recovered amounted to $8,399.22 plus interest for sales to parties named Morris and Jervis. By their answer to plaintiff's amended complaint, appellants admitted receiving at least $10,000 from Morris on account of these sales and there is evidence that certain other substantial sums were received from Jervis. It further appears that these beneficiaries acquiesced in an arrangement by which the security of certain of the trust property was materially impaired by permitting the purchaser to subject it to a first trust deed payable to an outsider and taking back a second trust deed for the balance of the purchase price.

Under the views we have heretofore expressed and the cases we have cited, we are not persuaded that the appellants would have benefited by a finding or more explicit expression by us on the question of constructive notice. Such beneficiaries, who are principals in this case, cannot receive the fruits of the labor of sub-agents hired on their behalf which exceed the amount they have agreed to pay these sub-agents, divert these collections (as the trial court found they had done) toward payment of other obligations, impair the *corpus* of the trust by permitting it to be subjected, without any sufficient consideration, to an encumbrance superior to their own and then, on the theory of constructive notice, deprive their sub-agents of their pay for their work.

All of this happened while the real estate market was strong and we have no doubt of the entire good intentions of the beneficiaries. Like so many ventures this one would in all likelihood have resulted in profits to all had the market not turned. These facts, however they may absolve the parties from personal blame, cannot affect their legal liabilities.

We here append our opinion and decision, the same being unchanged from that heretofore filed:

Plaintiffs recovered judgment for commissions earned by them in sale of certain lots in a real estate subdivision. Appellant bank held the land in trust for the purpose of as-

sisting the parties in carrying out their project. The other four appellants were among the beneficiaries of the trust. The beneficiaries constituted themselves in effect a voluntary, unincorporated association known as "Monte Mar Vista Syndicate", and under the trust agreement they had possession of the land for the purpose of improvement and sale. By this same agreement they appointed appellant Forrester and defendant McConnell as selling agents and also as an "executive committee" and granted them an "irrevocable power of attorney to do any and all acts on behalf of the beneficiaries which they themselves could do," with the sole exception that they could not obligate beneficiaries personally but only as to trust assets. The executive committee in turn employed plaintiffs, Case as advertising manager and Brockett as sales manager, to sell the property.

Appellants contend that the judgment against the four who were beneficiaries should not have been against them personally but should be recoverable only out of trust property, by reason of the provisions in the trust agreement.

(1) The court found that: "Neither of the plaintiffs has ever read said Amended Declaration of Trust of date March 15, 1927 (in which these matters were set out), and neither of plaintiffs, prior to the filing of the answer in this action, knew of any limitation upon the authority of said W. R. McConnell and/or of said Fred W. Forrester, and plaintiffs rendered such services as were rendered by them during their said employment believing that said Fred W. Forrester and W. R. McConnell as such executive committee and exclusive sales agents had full and unlimited authority to employ them respectively as advertising manager and sales manager for said trust and the beneficiaries thereof." The evidence is sufficient to support this finding.

(2) It was admitted at the trial that "all the beneficiaries knew who the executive committee was" and that the latter were acting as their agents. It is apparent that it was within the scope of their employment for this executive committee to hire plaintiffs, and the latter knew that the executive committee were agents for the beneficiaries under the trust. Sales were made by plaintiffs and were accepted by the beneficiaries and the bank. When the sales had been completed but the commissions were not paid, plaintiffs were told about a "pool" that was to be formed by the "syndi-

cate", i. e., an assessment which was to be levied upon the beneficiaries for the purpose of paying the commissions which had been earned.

■ (3) Having entered into their mutual relationship by virtue of the trust agreement, each beneficiary was liable for debts incurred during the period that he occupied such relationship and which were necessarily contracted for the purpose of carrying out the objects for which such trust was formed, except as to persons who dealt with them on the basis of agreement limiting their liability. (*Leake* v. *City of Venice*, 50 Cal. App. 462 [195 Pac. 440].)

■ (4) Plaintiffs having been employed by the executive committee acting as agents of the beneficiaries, appellants are precluded from asserting the undisclosed limitation on their agents' authority in defense of this action. Since their agents had actual authority to employ plaintiffs to sell the land and ostensible authority (Civ. Code, sec. 2317) to render appellants liable for the commissions they thus earned, appellants cannot accept the benefits of such sales and then seek by virtue of their agreement with the executive committee, which was not disclosed to plaintiffs, to avoid payment of the commissions earned. (*Fairbanks* v. *Crump etc. Co.*, 108 Cal. App. 197 [291 Pac. 629, 292 Pac. 529].)

■ "The question of the authority of the agent must depend, so far as it involves the rights of innocent third persons who have relied thereon, upon the *character* bestowed and not upon the *instructions* given. Or in other words, the principal is bound to third persons who have relied thereon in good faith and in ignorance of any limitations or restrictions by the *apparent* authority he has given to the agent and not by the *actual* or *express* authority, and this, too, whether agency be a general or a special one." (*Whitton* v. *Sullivan*, 96 Cal. 480, 483 [31 Pac. 1115]; *Browning* v. *McNear*, 158 Cal. 525 [111 Pac. 541]; *Thomas* v. *Fursman*, 39 Cal. App. 278 [178 Pac. 870].)

■ (5) Judgment against defendant bank was for the commission on sale of one lot. The lot had been sold for cash and the purchase price was in the hands of the bank when the executive committee ordered it to pay plaintiffs their commissions as fast as the selling prices on said sales were respectively collected. The money was therefore held by the bank, subject to such order of the executive commit-

tee, and it was its duty to pay it over to plaintiffs. Upon its failure to do so, the trial court properly held it liable to plaintiffs for that amount.

No question is raised on this appeal as to misjoinder of either party or causes of action.

Judgment affirmed.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 27, 1935.