## MATTHEWS VS. LANIER.

1. EVIDENCE: *of parties.*
   When the parties to a suit testify as to matters within the knowledge of both, and material evidence of one party is not contradicted by the other, it must be presumed to be true.
2. *Upon motion for new trial on the ground of surprise* at the trial, and want of opportunity fo produce evidence, the new evidence should be incorporated in the bill of exceptions.

APPEAL from *Mississippi* Circuit Court.

Hon. L. L. MACK, Circuit Judge.

*Palmer*, for appellant.

*Lyles*, contra.

HARRISON, J.:

This was an action by the appellee against the appellant on an account for rent.

The complaint alleged that the plaintiff leased to the defendant a plantation for the year 187.6, at seven dollars an acre rent for the cleared land, of which there were 337 acres ; and admitting a credit of a merchandise account with the defendant of $86.60, demanded the sum of $2272.60.

The defendant, in his answer admitted the leasing of the plantation, and at the rent stated, but denied that there were more than 308 acres of the cleared land, or that the rent amounted to more than $2156, which sum he admitted he owed ; and he claimed and pleaded a set-off of $1933.03, the particulars of which were stated in the following account :

Felix R. Lanier to John Matthews :                      Dr.

| | | |
|---|---|---|
| Dec. 16, 1875 : To balance due on settlement...... | $1319 | 43 |
| "   "   "   " sight draft on Brooks, Neely & Co., for................ | 350 | 00 |
| Nov. 10, 1876 : To cash paid James Anthony for survey in land........... | 24 | 90 |
| "   "   "   " interest on $1669.43, 10 months and 28 days at 10 per cent. | 152 | 10 |
| "   "   "   " merchandise as per bill rendered. | 86 | 60 |
| | $1933. | 03 |

He, also, exhibited with and as part of his answer, the written contract for the lease, which was as follows :

"This agreement, entered into this 8th day of January, 1875, between Felix R. Lanier of the first part, and John Matthews of the second part, witnesseth : That the said Felix R. Lanier has this day rented, leased and delivered to the said Matthews, his farm in Bend Thirty four, in Mississippi County, Arkansas, for the present year of 1875, at seven dollars per acre for all of the land owned by the said Lanier under fence on said plantation. The land to be measured, and the exact number of acres to be ascertained. And the said Matthews agrees to clear up and put one hundred and fifty acres more of the old field back of the levee in cultivation, clearing all the

timber off of the said one hundred and fifty acres, and fencing the same with good rails; but is to have the privilege of using the cotton-wood poles growing on the land to be cleared up. The land to be cleared at the cheapest rate possible and charged to the said Lanier, and advanced by said Matthews out of the rent of the land now under fence, supposed to be about one hundred and sixty acres. It being understood that the said Matthews is to pay rent on the land now under fence only; but is to cultivate all now under fence, and one hundred and fifty acres additional, which he is to clear up, but is to pay no rent for the new cleared land.

It is further agreed by the parties, Felix R. Lanier and John Matthews, that, in the event the said Lanier shall desire it, the said Matthews is to be bound to cultivate the whole land fenced under this contract, including the old and the new ground, in the year, 1876, and pay the said Lanier seven dollars an acre for all of said land, which will then be about three hundred acres; but the contract for renting the land for 1876 is to be subject to the wish of the said Lanier, the said Matthews being bound to cultivate said land on said terms for the year 1876, if said Lanier desire him to do so.

In the event of a disastrous overflow by which the land could not be cultivated, the said Matthews is not to be liable for the rents exceeding the cost of clearing up the new ground and fencing the same as heretofore specified.

FELIX R. LANIER,<br>JOHN MATTHEWS.''

A replication to the set-off appears to have been filed, but is not in the transcript.

Upon the trial Benjamin Castleman testified for the plaintiff, that he had a short while before surveyed for him all the land in the plantation inside the fence. That there was two fields, one of which contains 185, and the other 168.96 acres, together 353.96 acres.

---

---

The plaintiff testified that the field containing according to Castleman's survey 168.96 acres, was the land cleared up and fenced by the defendant. Mrs. Dunavant he said, had some land in his field not inclosed in Castleman's survey, and for which he did not claim rent. He denied the correctness of the charge in the defendant's set-off of $1319.43 ; "balance due on settlement," and said the correct amount was $942, and upon which he had agreed in writing to pay ten per cent. interest from the date of the settlement. He said he had a settlement with the defendant on the 16th of December, 1875, of matters pertaining to the estate of J. H. Edrington, and as to those he was found indebted to the defendant, $1319.43.

At the same time he had a settlement with him concerning the rent fot 1875. The defendant paid him on the rent $350, by the draft charged in his set-off, and after being allowed his account for the clearing and fencing, which was $575, he owed $377, which it was agreed the plaintiff should receive a credit for on his indebtedness to the defendant.

The defendant read to the jury a survey of the land by James Anthony, the County Surveyor ; made after the suit was commenced, according to which there were 166 1-2 acres in one field, and 158 1-4 in the other—in both 324 3-4 acres— and that there were 17 acres in the *sand blow*.

Dr. Dunavant, a witness for the defendant, testified that his wife owned about 17 1-4 acres in the plaintiff's field, the line between which and the plaintiff's land had been run, and for which he said the defendant had paid him rent.

John B. Driver, another witness for the defendant, testified that he was Sheriff of the county, and had had in his hands a writ of possession in favor of Mrs. Dunavant against the plaintiff for the 17 1-4 acres, which he had executed.

The defendant testified that on the 16th day of December, 1875, he had a settlement with the plaintiff of the matters between them pertaining to the estate of J. H. Edrington and

the plaintiff was found indebted to him $1319.43, upon which he agreed in writing to pay ten per cent. interest; and that he gave the plaintiff the draft on Brooks, Neely & Co, for $350, charged in the set off.

He further testified that after making the contract with the plaintiff for the lease, they went to examine the land and he found a sand blow of about 18 acres made by a break in the levee, from one to two feet and a half deep, and he objected to putting it in; but the plaintiff insisted that he should clear it off and cultivate it, and said he would charge no rent for it. He testified also that he had paid rent to Dr. Dunavant for Mrs. Dunavant's 17 1-4 acres by the plaintiff's consent.

The jury returned a verdict for the plaintiff for $999.75.

The defendant moved for a new trial, which was not granted.

One of the grounds of the motion for a new trial, was the giving of certain instructions, to the jury, for the plaintiff.

As these instructions related only to the inquiry as to the number of acres, which as very clearly appears to us, the jury found to be as claimed by the defendant, or even less, we deem it unnecessary to notice them. The answer admits there were 308, and that there was due for the rent $2156.

The number of acres, according to the survey of the County Surveyor, introduced by the defendant, was 324 3-4, and if 17 are deducted for the sand blow, (whether it was included in the 324 3-4 acres or not, does not appear,) there remains 307 3-4, within a fraction of an acre of the number admitted in the answer.

The testimony of the plaintiff, in relation to the first three items in the defendant's set off, was, although he was also a witness, uncontradicted by the defendant and must therefore be presumed to be true. *Miller* v. *Jones*, adm'r, 32 Arkansas, 337; and there was no proof as to the other items of money paid the County Surveyor.

The defendant's set off, then, according to the evidence, stood thus :

| | |
|---|---:|
| Balance due on account of estate of Edrington, after deducting credit of $377..................... | $942.43 |
| Interest on same from December 16th, 1875, to time of trial, eleven months, at 10 per cent.......... | 85.67 |
| Merchandise Account........................... | 86.60 |
| | $1114.70 |

This amount, and the $999.75 found due the plaintiff by the verdict, make $2114.45—less by $41.55 than the rent admitted in the answer to be due and is for only about 302 acres.

Another ground of the motion for a new trial was that the defendant was surprised upon the trial by the plaintiff's going into the question of the rent of 1875, and he had no opportunity of bringing in his account of that year against the plaintiff.

In his affidavit in support of this ground of his motion, the defendant swore that only his account of admitted balances, and not his entire account, was before the jury, and that if a new trial was granted he would be able to prove that the plaintiff owed over and above the admitted balances that year, $196.45. What is meant by "admitted balances" we are not able to understand. If there was other evidence than as we have stated it, the bill of exceptions failed to preserve it.

The question of the rent of 1875 was not gone into by the plaintiff further than to show that items in the defendant's set off were not just.

His testimony in regard to those items was not disputed or contradicted by the defendant when testifying himself, and he did not in his motion or affidavit in the least impeach it.

The defendant does not propose to show that the draft charged in the set off was not in fact given to the plaintiff as

a payment on the rent, or that there was not a balance of $377 of the rent, which was to be credited on the plaintiff's indebtedness of $1319.43.

The motion for a new trial was properly overruled.

The judgment of the court below is affirmed.