## MICHAEL HEALEY vs. GEORGE E. LOTHROP.

Suffolk.    January 8, 1901. — March 1, 1901.

Present: HOLMES, C. J., KNOWLTON, MORTON, BARKER, & LORING, JJ.

A special police officer appointed under St. 1878, c. 244, § 6, by the city of Boston
on the application of the proprietor of a place of amusement to serve without
pay from the city, is not the servant of such proprietor, and, if he commits an
assault while in the discharge of his duties, the only remedy against the propri-
etor is on his bond to the city treasurer required by that section, making the
proprietor liable to parties aggrieved by any official misconduct of such police
officer.   It is not necessary or possible to get any preliminary judgment
against such proprietor before proceeding upon the bond.   Whether it is nec-
essary to get a judgment against the officer before so proceeding, quære.

TORT against the proprietor of a place of amusement for an
assault and battery committed by a special police officer ap-
pointed by the city of Boston under St. 1878, c. 244, § 6, on the
application of the defendant, and alleged to be in his employ.
Writ dated March 16, 1895.

The defendant was the proprietor of a place of amusement in
Boston called the Grand Dime Museum.   On his application
the Board of Police Commissioners of the city of Boston had
appointed one Mead, by whom the assault was alleged to have
been committed, a special police officer under St. 1878, c. 244,
§ 6, to serve without pay from the city.   The defendant had
given to the city treasurer the bond required by the section
named, to be liable to parties aggrieved by any official mis-
conduct of such police officer to the same extent as for the torts
of agents and servants in his employment.   The section pro-
vides that " proceedings may be had upon said bonds in the
same manner as upon the bonds of constables."

At a previous stage of this case, in a decision reported in 171
Mass. 263, this court decided that Mead was not the servant
of the defendant.   After that decision the plaintiff amended
his declaration by adding a second count setting forth the facts
about the appointment of Mead as a special police officer and
the giving of the bond by the defendant, and alleging that Mead
under said appointment and while in the discharge of his. duties
as such officer assaulted the plaintiff.

At a new trial in the Superior Court, *Maynard*, J. ruled that on the evidence the action could not be maintained on either count. By his direction the jury returned a verdict for the defendant on both counts ; and the plaintiff alleged exceptions.

In behalf of the plaintiff it was argued that a judgment against the defendant was a necessary preliminary to a suit on the bond, while an action against Mead would not be conclusive against either the defendant or the sureties on his bond.

*A. M. Pinkham & E. Lowe,* for the plaintiff.

*C. F. Eldredge,* for the defendant.

HOLMES, C. J. This is an action of tort against the keeper of a place of amusement in Boston, seeking to make him liable for alleged official misconduct of a special police officer upon his premises. The first count is for an assault and battery on the plaintiff, treating the special policeman as the defendant's servant. That was disposed of when this case was here before. 171 Mass. 263. There was no evidence put in or offered which tended to show that the officer was acting as the defendant's servant apart from the statute. After the decision by this court the plaintiff added another count setting forth the appointment of the special police officer on the defendant's written application and bond, (under St. 1878, c. 244, § 6, now repealed, St. 1898, c. 282, § 4,) and alleging an assault and battery by the officer while in the discharge of his duties in the defendant's theatre. In other words the plaintiff attempted to evade the former decision by a slight change in the words of his declaration, and by suggesting that although the police officer was not the defendant's servant the defendant was liable for his official misconduct to the same extent as if he were. The scope of our decision was wider, and disposes of the new count as well as of the old one. The only remedy against the defendant for the misconduct as such is on his bond. Whether or not it is necessary to get a judgment against the police officer before proceeding upon the bond, as in the case of a Boston constable, (St. 1814, c. 165; *Calder* v. *Haynes*, 7 Allen, 387,) there is no such necessity for a judgment against the defendant, and, as we once before have decided, there is no ground for a judgment against him in the act. St. 1878, c. 244, § 6.

*Exceptions overruled.*