GEORGE W. CASTON & another vs. ETTA E. QUIMBY
& another.

Suffolk. January 9, 1901. — March 1, 1901.

Present: HOLMES, C. J., KNOWLTON, MORTON, BARKER, & LORING, JJ.

A person employed to procure a mortgagee who will lend $2,000 for three years does not earn a commission by procuring one who will lend the sum named only on the insertion in the mortgage of a clause that the principal and interest shall be payable in gold.

CONTRACT to recover $40 as a commission for procuring a loan for three years upon certain real estate of the defendants. Writ dated October 5, 1899.

In the Superior Court the case was heard upon agreed facts and judgment entered for the plaintiffs; and the defendants appealed to this court.

The agreed facts were as follows: The defendant, Etta E. Quimby, the owner of certain land at Malden, made an application by her husband and agent, Israel P. Quimby, to the plaintiffs to procure a loan of $2,000 upon a mortgage of her property in Malden. The plaintiffs thereupon applied to the Woodlawn Cemetery trustees, and those trustees, by attorney, drew a mortgage deed of the premises to be executed and signed by the defendants. In the mortgage deed presented to the defendants was what is called a gold clause, namely, " that the principal and interest named in said mortgage should be paid in gold." Thereupon the defendants refused to execute the mortgage deed, for the sole reason that it contained the gold clause. There was no agreement written or verbal between the plaintiffs and the defendants, at the time of the application for the loan or thereafter, that the mortgage should or should not contain a gold clause.

If the plaintiffs were entitled to recover upon the agreed facts, it was agreed that judgment might be entered for the plaintiffs in the sum of $40 and costs; otherwise judgment to be for the defendants with costs.

J. M. Browne, for the defendants.

R. G. Kilduff, for the plaintiffs.

LORING, J. The plaintiffs in this case have not earned a commission. They were employed by the defendants to find some one who would lend them $2,000 on a mortgage of land. That means $2,000 to be repaid in whatever is by the laws of the United States legal tender.

The plaintiffs did not succeed in finding such a person; the person produced by them was not willing to lend on the terms stated by the defendants but insisted on inserting a clause " that the principal and interest named in said mortgage should be paid in gold." That means that it can be paid only in gold. *Bronson* v. *Rodes*, 7 Wall. 229. *Independent Ins. Co.* v. *Thomas*, 104 Mass. 192.

The customer produced by the brokers not being ready to do what the principal stipulated for and not being accepted by the principal, no commission is due. *Fitzpatrick* v. *Gilson*, 176 Mass. 477.

The plaintiffs may be right in saying that, in view of the fact that the country is now on a gold basis and is likely to remain so for the three years the mortgage was to run, the defendants were unreasonable in the stand they took; if they were unreasonable, the plaintiffs' customer would seem to have been equally so. But whether either or both were unreasonable is not material. The defendants had the right to insist that the plaintiffs did not bring themselves within their offer; if they did not they have not earned a commission whether the defendants were or were not reasonable.

*Judgment for the plaintiffs reversed ; judgment to be entered for the defendants.*