[Civ. No. 704. First Appellate District.—March 4, 1910.]

## J. H. GAGE, Respondent, v. F. W. BILLING, Appellant.

ACTION FOR LEGAL SERVICES—BILL OF PARTICULARS—ITEM OF BROKER'S COMMISSION—VERDICT UNSUPPORTED.—In an action by the assignee of an attorney at law for legal services, where one item of the bill of particulars demanded was for the sum of $1,000 for services in obtaining a proposition to purchase from defendant the right to all lime deposits in a ranch, and the evidence establishes that no purchaser was found and no sale effected of such deposits, and no terms were agreed upon, it is held that a verdict in favor of the plaintiff for such sum is unsupported.

ID.—UNCONTRADICTED EVIDENCE TAKEN AS TRUE.—Where both plaintiff's assignor and the defendant knew the facts regarding the finding of a proposed purchaser, and defendant gave specific testimony, entirely reasonable, showing an express contract for broker's commission, of the usual character, dependent upon finding a purchaser, and that no purchaser was found, and his testimony was not impeached or contradicted by plaintiff's assignor, the testimony of the defendant must be taken as true.

ID.—BROKER'S COMMISSION UNEARNED.—In the ordinary employment of a broker or agent to sell real estate, no compensation is earned unless à purchaser is procured willing to purchase on the seller's terms.

ID.—PLEADING—BILL OF PARTICULARS PART OF COMPLAINT.—Although the complaint itself did not allege a broker's contract to sell real estate or any interest therein, yet the item in the bill of particulars demanded showing a contract to find a purchaser for the lime deposits in which defendant was interested is to be regarded as within the issues tendered by the complaint, read in connection with the bill of particulars, which, when filed, must be treated as part of the complaint.

ID.—NATURE OF ITEM—BROKER'S SERVICES—OPINION OF ATTORNEY.— The nature of the item presented in the bill of particulars for $1,000 was for the assignor's services as a broker, and his testimony that he was not employed as a broker was but his opinion, and does not conclude the matter. Whether or not he acted as a broker is to be determined by the nature of the service for which the charge was made. This clearly appears to have been for obtaining an offer to purchase, which was the service of a broker.

APPEAL from an order of the Superior Court of Santa Cruz County denying a new trial. Lucas F. Smith, Judge.

The facts are stated in the opinion of the court.

Wyckoff & Gardner, for Appellant.

Emil Pohli, for Respondent.

HALL, J.—This is an appeal from an order denying defendant's motion for a new trial.

It is alleged in the complaint "That within two years last past the defendant became indebted to one Emil Pohli for and on account of services rendered by said Pohli to said defendant as said defendant's attorney at law, at said defendant's special instance and request, in the sum of $2,000, the said last-mentioned sum being the reasonable value of said services." Plaintiff sued as assignee of Pohli. Upon demand of defendant, plaintiff furnished a bill of particulars, in which he sets out three charges or items. The first item is for counsel and advice in regard to certain matters specified in the item, for which a charge is made of $500.

The second item is for "services of said Emil Pohli, said plaintiff's assignor, in obtaining a proposition to purchase from said defendant, or from a corporation to be formed by said defendant, the right to all the lime deposits in and upon the San Vicente Ranch, the property of the Santa Cruz Lime Company," for which a charge is made in the sum of $1,000.

The third item is for services in interviews with defendant and his agents, and other services set forth, for which a charge is made in the sum of $500.

Thereafter defendant filed an answer denying the indebtedness, and denying that Pohli ever rendered any services to defendant as his attorney at law, or any service at all, save under an express agreement, by the terms of which defendant agreed to pay a reasonable sum therefor if Pohli should secure a purchaser satisfactory to the defendant and at a price and upon terms satisfactory to the said defendant, for certain lands, and that said Pohli attempted to secure such purchaser, but has entirely failed therein and has not secured such purchaser for such land or any part thereof.

The case was tried before a jury. At the trial Pohli admitted a setoff or counterclaim in the sum of $750, which de-

12 Cal. App.—44

fendant had likewise pleaded. The jury returned a verdict for plaintiff in the sum of $1750, less the sum of $750, or a net verdict for $1,000.

Appellant attacks the verdict as not sustained by the evidence.

Upon this point his first contention is that defendant testified explicitly in accordance with his affirmative defense, that all the services rendered by Pohli to defendant were rendered under an express agreement that he should receive no compensation unless a sale was effected, and that there is no evidence in the record to the contrary.

So far as the evidence in the record relates to the second item in the bill of particulars for which a charge is made of $1,000, we think that this contention is correct.

Mr. Pohli testified in chief to the effect that in the latter part of 1905 defendant consulted him as an attorney in regard to his, defendant's, rights as a minority stockholder in the Santa Cruz Lime Company, which owned the San Vicente ranch, supposed to contain valuable deposits of lime as well as valuable growths of timber. He also testified as to advice given and consultations regarding defendant's rights and how they could best be protected and conserved. Among other things Pohli advised defendant that a practical way to deal with the question was to obtain from the controlling stockholder (Mr. Packard) an option, and attempt to take over the property himself; that a holding corporation should be formed. All this testimony was pertinent to the first item in the bill of particulars.

In relation to his employment to obtain a purchaser of the property in question the witness, after giving testimony relating to the first item in the bill of particulars, said: "Mr. Billings at one time did claim he was capable of doing the whole business himself, but being advanced in age he would rather have someone else do it; he also claimed that he had means to do it himself; he requested me to place the matter before parties whom I thought could handle the proposition." The witness continued to the effect that he succeeded in interesting Mr. Gavin McNab, who visited the property, but no sale was effected or any terms ever agreed upon.

The defendant gave testimony as to the employment of Pohli. Upon this point defendant said, "I finally asked him

if he had any chance to sell any property of any kind. He said he had one probable purchaser for the property which I described to him at the time as good as I could, so we went on, and he wanted to know what commission he was to have, and I told him I would give him a very fair commission if he would make the sale; the property being so large we could not say beforehand what the commission would be, but I would be willing to give him a commission. Pohli agreed to it, and said that that is correct, he would receive no commission unless we get to a sale.''

Although Pohli was a witness and in court, and must have known whether or not defendant told the truth, he did not contradict or deny the defendant's testimony, and we find nothing in his testimony given in support of plaintiff's cause of action that necessarily or at all contradicts the testimony of the defendant as to the terms upon which he was employed or requested to find a purchaser for the property. We are not unmindful of the rule that it is not always necessary that a witness be expressly contradicted to raise a conflict. For testimony may be so improbable or contradictory in itself as to justify its disbelief. But no such case as that is presented here. The agreement for a commission or compensation only in the event of a sale is not only reasonable, but it is the usual condition attached to such employment. Indeed, in the ordinary employment of a broker or agent to sell real estate, no compensation is earned unless a purchaser is procured willing to purchase on the seller's terms. Pohli simply testified that ''he requested me to place the matter before parties whom I thought could handle the proposition.'' He had been advised by defendant's pleading that he relied on an express contract, under which no compensation was to be paid unless a sale was effected, and yet neither before defendant testified to the terms of such agreement nor afterward did Pohli take the pains to give testimony on the vital point at issue. In this connection it is significant that Pohli rendered a bill to defendant before the action was brought and after the services were completed for a total sum of $1,000, with a credit for the offset of $750. The two persons who knew the facts were both in court. One, the defendant, gave specific testimony, not improbable, but entirely reasonable and showing a contract in accordance with the usual custom in such cases. He

was not impeached in any way, was not even cross-examined as to the evidence in question. The other person, Mr. Pohli, did not contradict such witness, and gave no testimony necessarily in conflict with this explicit testimony of the defendant. In such a case the testimony of the witness explicitly testifying to the particular facts should be taken as true. (*Newton* v. *Pope,* 1 Cow. (N. Y.) 109; *Lacey* v. *Wilson,* 24 Mich. 479; *Matthews* v. *Lanier,* 33 Ark. 91.)

As to the first item in the bill of particulars, we have already set forth the testimony of Pohli that tends to sustain such item. His testimony shows advice and counsel given as an attorney at law before and independent of any employment to secure a purchaser of the property or any interest therein. So, likewise, as to the last item of the bill of particulars, the evidence of Pohli shows services of the same nature, and distinct from the charge set forth in the second item of the bill of particulars. But as the valuation placed upon the services set forth in the first and third items amounts to the sum of $1,000 only, and Pohli admitted the correctness of the offset of $750, the evidence relating to these items would only support a net verdict of $250.

Appellant also contends that the evidence does not support the verdict, for the reason that the services set forth in the second item of the bill of particulars are not services rendered as an attorney at law, but are the services of a broker, and are neither embraced within the allegations of the complaint, nor is the value thereof recoverable, for the reason that a broker or agent employed to effect a sale or to procure a purchaser is, under the general rules of law, entitled to compensation only when he has procured a purchaser ready and willing to purchase on the employer's terms. The services charged for in the second item of the bill of particulars are not strictly within the allegations of the complaint as filed, but they are clearly set forth in the bill of particulars, which, when filed, must be treated as part of the complaint. (*Millet* v. *Bradbury,* 109 Cal. 172, [41 Pac. 865]; *Chapman* v. *Bent* (Cal.), 65 Pac. 959.) They were thus brought within the issues presented by the complaint read in connection with the bill of particulars.

They were, however, services of a broker to secure a purchaser, and the broker failed to secure such purchaser, and for

this reason, in the absence of an express contract for compensation in case of failure, the broker was entitled to no compensation. (*Ayres* v. *Thomas,* 116 Cal. 143, [47 Pac. 1013] ; *Wylie* v. *Marine Nat. Bank,* 61 N. Y. 416; *Caston* v. *Quimby,* 178 Mass. 153, [59 N. E. 653] ; *Fairchild* v. *Cunningham,* 84 Minn. 521, [88 N. W. 15].) We are aware that it is not always easy to separate the services that an attorney at law may render as such from the services that he may render as a broker or in some other capacity. But in the case at bar plaintiff himself made such segregation in his bill of particulars. The second item is for ''services of said Emil Pohli, said plaintiff's assignor, in obtaining a proposition to purchase from said defendant, or from a corporation to be formed by said defendant, the right to all the lime deposits in and upon the San Vicente Ranch, the property of the Santa Cruz Lime Company.'' That this item was intended to cover only the mere matter of obtaining as a broker an offer to purchase is made perfectly clear by the charges in the other two items of the bill of particulars, where charges are made for everything in the nature of counsel, advice, interviews with defendant and his agents, the writing of letters, and communications over the telephone with defendant, examining an option, and preparing an acceptance thereof, and the like. It is clear to us that the charge of $1,000 set forth in the second item of the bill of particulars is for Pohli's services as a broker. And that is so, notwithstanding that he testified that he was not employed as a broker. Such testimony was but his opinion and does not conclude the matter. Whether or not he acted as a broker must be determined by the nature of the service for which the charge was made. This clearly appears to have been, so far as the $1,000 charge is concerned, for obtaining an offer to purchase. This was the service of a broker. Plaintiff—that is Pohli—made a separate and different charge for everything that he did in the matter that might be reasonably classed as the work of an attorney at law as such.

As plaintiff's assignor did not succeed in procuring an offer that was acceptable to defendant, no recovery can be had for the second item of the bill, and for this reason the verdict is not sustained by the evidence.

The instructions that appellant insists should have been given at his request were fully covered by two other instructions given by the court at defendant's request.

The order is reversed.

Cooper, P. J., and Kerrigan, J., concurred.