# FRANKLIN vs. CHURCHILL COMPANY

# A CORPORATION

## SUPERIOR COURT, COUNTY OF SISKIYOU

( Appeal and Error.   Clerical Work when may be charged )

1923 - 24.

---

Proceedings by W. B. Franklin against Churchill Company, a corporation, to re-tax costs after decision on appeal.   Appellant's claim allowed.

---

1.   APPEAL AND ERROR — CLERK'S TRANSCRIPT — APPELLANT MUST FURNISH COSTS.

Under Code Civil Procedure sections 950, 951 and 952 appellant is under duty to furnish the Clerk's Transcript at his own expense with the right to have such expense charged as costs if appellant prevails under section 1027, to be certified by the Clerk or attorneys under section 953.

2.   APPEAL AND ERROR — APPELLANT'S ATTORNEY NOT TO MAKE CLERK'S TRANSCRIPT AS A DUTY.

It is not the duty of the appellants attorney to make up the Clerk's Transcript to be collected for from the appellant as a part of his attorney's fee.

3.   COSTS — CLERICAL WORK OF CLERK DONE BY ATTORNEY.

Where appellant's attorney prepared Clerk's Transcript he was not acting as plaintiff's attorney, but was in a clerical position for making copies of records and could charge appellant as any other clerk, the price fixed by Pol. Code Sec. 4300a, and appellant was entitled to allowance thereof as costs upon prevailing on the appeal, Code Civ. Proc. Sec. 1027.

4.   COSTS — CLERKS DUTY TO PAY FEES INTO TREASURY — FEES NOT COLLECTED.

While under Pol. Code 4300c and 4292 the Clerk shall cover into the County Treasury fees actually collected, yet where Clerk's Transcript was prepared by Appellant's attorney, who collected therefor, the Clerk is not entitled to collect therefor nor required to pay the same into the treasury.

**H. D. Gregory, Judge.**

---

In the Superior Court of the State of California

In and for the County of Siskiyou.

W. B. Franklin, Plaintiff,

vs　　　　　No.4580.

Churchill Company, a corporation, Defendant.

Heretofore, on the 24th day of July, 1923, in open court, in the above-entitled cause, the motion of the defendant to retax costs was heard and evidence taken. At that time an order was entered disposing of all of the items in said cost memorandum filed by the plaintiff, with the exception of the item of "Clerk's transcript $104.52," which was thereupon taken under submission by the court.

Before passing upon this item, the court submitted to the parties a statement of facts which was developed by the evidence at the time of the hearing, and which statement of facts has been approved by both the plaintiff and the defendant, through the attorneys of said parties, and which is as follows, to-wit:

"The plaintiff had given the proper and legal notice of appeal and for the purpose of preparing the transcript of the record on said appeal his attorney, Jacob P. Wetzel, called upon the County Clerk, W J. Neilon and requested him to prepare the copies of the judgment roll and such other papers belonging to the record of the case as constituted what is known as the Clerk's Transcript. The Clerk thereupon told him that he was very busy and could not at that time prepare the copies for the Clerk's Transcript, that if the Clerk prepared it the plaintiff would have to put up in advance the sum

of $104.52, the estimated cost of the transcript, but that he Wetzel could prepare the transcript if he so desired and in that case would not have to put up the sum of $104.52 with the clerk; that thereupon the said Jacob P. Wetzel in his law office prepared the copies of the record constituting what is known as the Clerk's Transcript and presented them to the Clerk for certification and the Clerk thereupon certified the said transcript as being a true and correct transcript of the record in the said action. The said transcript was thereupon included together with the Reporter's Transcript in the transcript of said action on appeal to the Supreme Court and was never questioned as to its validity as the true and proper transcript of the record;

"That the plaintiff was advised by the said attorney Wetzel as to the cost of said transcript and placed the funds necessary to prepare said transcript in the hands of his, (plaintiff's) agent in Siskiyou County; that the said agent upon the completion of the transcript paid to the said Jacob P. Wetzel the $104.52 for preparing what is known as the Clerk's Transcript."

It is complained of that because the attorney for plaintiff made the transcript or the copies of the records on file in the County Clerk's Office, which transcript is usually and commonly called "The Clerk's Transcript," that the plaintiff cannot now recover this item as a part of his costs on appeal.

In order to properly analyze this question, we must look to the provisions of the codes as well as decisions of the courts, and find whose duty it was to furnish the transcript, and also whether or not it was the duty of the clerk alone to provide it.

Sections 950, 951 and 952 of the Code of Civil Procedure provide that the appellant on appeal must provide the transcript. Section 953 of the same code provides that the copies of transcript must be certified to by the clerk or the attorneys, meaning that if the attorneys do it, they must stipulate to it. Section 1027 of the Code of Civil Procedure provides as follows:

"The prevailing party on appeal shall be entitled to his costs, excepting when judgment is modified, and in that event the matter of costs is within the discretion of the appellate court. The party entitled to costs or to whom costs are awarded, may recover all amounts **actually paid out by him** in connection with said appeal, and the preparation of the record for appeal, etc."

In Turner v. Associated Canal & Irrigation Co., 177 Cal, 573, the Supreme Court said:

"The right to recover costs exists solely by virtue of statute, and warrant for their recovery must be found in some statute. * * Our statute regarding this matter is plain and unambiguous, and clearly confines the recovery of costs on appeal to amounts **actually paid out** in connection with said appeal, and the preparation of the record for appeal, etc."

Thus it will be seen that the true test is: First, who was to furnish these copies, and, second, the proper charge for the same, and, third, the amount actually paid out; and, fourth, did the attorney for plaintiff have the right and authority to make these copies and require his client to pay for them?

It is plain under the sections of the Code of Civil Procedure heretofore cited, 950, 951 and 952, that it was the duty of the plaintiff to furnish these copies, and therefore he must do so at an expense to himself,

with the right to charge as costs should he be the prevailing party in the appellate court.

Section 4300a of the Political Code provides in the items of Clerk's fees that ten cents a folio is the proper charge, and therefore $104.52 is the proper charge, for the Clerk's transcript in this case, and as to that it has not been disputed, and is really not in controversy.

The proof shows that Mr. Wetzel, the attorney for plaintiff, made these copies in his office, and charged the plaintiff therefor, and received from the plaintiff the sum of $104.52.

The question is was it the duty of Wetzel, as attorney for plaintiff, to do this work as a part of his duty and to be collected from the plaintiff as a part of his attorney fee. To this we answer no. In the case of Gage v. Billing, 12 Cal. App. 688, where the attorney in presenting his bill for services as attorney to the client, had charged an item of $1,000 for services in regard to the sale of real estate or rights thereto. The client defendant, when sued upon these items, admitted all of the items charged against him by the attorney as services of the attorney, excepting the item of $1,000 for services in attempting to procure a purchaser for the sale of real estate; the client defendant urging that as to that item, the attorney was not acting as his attorney but was acting as a real estate broker, and in this contention the court said:

> "The nature of the item presented in the bill of particulars for $1,000 was for the assignors services as a broker and his testimony that he was not employed as a broker was but his opinion and does not conclude the matter. Whether or not he acted as a broker is to be determined by the nature of the service for which the charge was made. This clearly appears to have been for obtaining an offer to purchase which was the service of a broker.

"In the ordinary employment of a bro-
ker or agent to sell real estate no compen-
sation is earned unless a purchaser is pro-
cured willing to purchase on    the    sellers
terms."

Thus it follows that as the attorney had not earn-
ed a commission as a real estate broker under the laws
of this State he attempted to collect it as an at-
torney's fee and the court held that he could not do
this.

Therefore, it will be seen that attorney Wetzel
was not required as a part of his professional duties
as attorney for plaintiff to furnish these copies at
his own expense or at his own labor, and when he did
so, he was not acting as attorney for plaintiff but was
acting in a clerical position for making copies of the rec-
ords in the county clerk's office, and had a right to
charge for those services, not as attorney for plaintiff,
but as any other clerk or transcriber; and he had a per-
fect right to charge and require the plaintiff to pay
him for the services of making and transcribing these
records. The evidence showing that he did require
the plaintiff to pay this money and the plaintiff was
required to furnish this copy, the $104.52 paid to
Wetzel by the plaintiff Franklin was money actually
paid out in connection with said appeal and the pre-
paration of the record for the appeal as provided for
in Section 1027 of the Code of Civil Procedure, and
therefore the plaintiff is entitled to recover the sum
as a part of his costs.

As to the duty of the clerk to pay fees into the
County treasury, we find in Section 4300c of the Poli-
tical Code and also in Section 4292 of the same code,
it is provided that the clerk shall cover into the coun-
ty treasury such fees as are actually collected by him.
While it is true that had the plaintiff in this action
or his attorney in a proper manner actually demanded
the county clerk to copy these records, then it would

have been the duty of the county clerk to have done so and to have paid the fee into the county treasury; but where such demand is not made and the appellant on appeal has his copies transcribed by some other person, the clerk is not entitled to collect the fees and is not required to pay into the county treasury that which he has not collected.

H. D. Gregory,  Judge.