[Civ. No. 2895. Third Appellate District.—May 6, 1925.]

## LEO FELICE ANSO, Appellant, v. LILLIAN HOLDA ANSO, Respondent.

[1] EVIDENCE — UNCONTRADICTED TESTIMONY — WHEN MAY BE DISRE-
GARDED.—The general rule that the uncontradicted testimony of a
witness to a particular fact may not be disregarded, but should
be accepted as proof of the fact, is subject to the fact that it
is not inherently improbable; and if there is anything in the tes-
timony of a witness which makes it inherently improbable, or
affecting its accuracy, or such appears from all the surrounding
circumstances, then and in that case it is proper to disregard such
testimony.

[2] DIVORCE — EXTREME CRUELTY — UNCONTRADICTED TESTIMONY. — In
this action by the husband for divorce on the ground of extreme
cruelty, in which the wife, although personally served, failed to
answer the charges, allowed default to be entered against her and,
therefore, so far as she was concerned, admitted the truth of the
allegations of the complaint, there was nothing in the testimony
of the husband or of his corroborating witness indicating that
their testimony was inherently improbable, and the surrounding
circumstances of the case were not such as to render any of the
testimony incredible or unworthy of belief.

[3] ID. — REFUSAL TO ATTEND TO HOUSEHOLD DUTIES — EVIDENCE OF
CRUELTY.—The fact that a wife refuses to attend to the usual
household duties common to people living and occupying their
station in life, and such as a right-thinking woman would ordi-
narily perform, cannot be said, as a matter of law, to constitute
cruelty, even though it does tend to impose considerable hardship
and additional burden upon the husband, who is unfortunate
enough to be married to a woman having so little regard for the
usual wifely duties; but such facts may be considered in deter-
mining whether all the circumstances disclosed constitute extreme
cruelty.

[4] ID.—EXTREME CRUELTY—EVIDENCE.—In this action by the husband
for divorce on the ground of extreme cruelty, in which the wife,

1.  See 28 R. C. L. 661.

3.  Cruelty as ground for divorce, notes, 29 Am. Dec. 674; 73
Am. Dec. 619; 40 Am. Rep. 463; 51 Am. Rep. 736; 65 Am. St.
Rep. 69.

Habits or course of conduct of spouse as cruelty warranting di-
vorce, note, Ann. Cas. 1918B, 480, 500. See, also, 9 R. C. L. 348;
9 Cal. Jur., 650.

although personally served, did not answer the charges, the testimony of the husband and his corroborating witness showing that the wife refused to attend to the usual household duties common to people living and occupying their station in life, together with the other evidence showing that defendant stated to plaintiff a great many times that she was sorry she ever married him, that she wanted to be free so that she could do what she wanted to and go where she pleased, that she was dissatisfied with married life and, in substance, was through with plaintiff, coupled with plaintiff's knowledge of the fact that defendant was receiving endearing letters from other men, was sufficient to establish cruelty as defined by section 94 of the Civil Code.

(1) 23 **C. J.**, p. 47, n. 30, 31, 32, p. 48, n. 38. (2) 23 **C. J.**, p. 48, n. 38, 39. (3) 19 **C. J.**, p. 55, n. 17 New, p. 144, n. 58 New. (4) 19 **C. J.**, p. 142, n. 52.

APPEAL from a judgment of the Superior Court of Fresno County. S. L. Strother, Judge. Reversed.

The facts are stated in the opinion of the court.

H. L. Meyers for Appellant.

No appearance for Respondent.

PLUMMER, J.—Action by plaintiff for divorce. The decree of divorce was denied and the plaintiff appeals. It appears from the transcript that the cause of action set forth in the plaintiff's complaint is that of cruelty. The complaint, after setting forth the necessary jurisdictional facts, alleges that the defendant on numerous occasions told the plaintiff that she was sorry she had married him; that she wanted to get a divorce; that there would be no more married life for her; that she wanted to be free so that she could do and have whatever she wanted; that the defendant also refused to do any household work whatever, refused to cook any meals for the plaintiff, and stated that she would not wait on any man; that the defendant also received love letters from other men. Personal service was had of the summons and complaint in the action. The defendant made no appearance.

The plaintiff testified, in substance, as follows: "Shortly after we arrived here (Fresno) about a month, my wife re-

fused to do any of the household work, refused to cook any meals or do any of the duties of a housewife, and as a result of this I was compelled to eat my meals in town. She assumed a very indifferent and independent attitude and continually told me she was sorry she had married me, that she didn't like housework and that she wouldn't wait on any man, and that she wanted to be free, so that she could do and have whatever she wished. Her actions in this way led me to believe she was unfaithful to me, so I kept a closer watch for signs of infidelity, and on December 11th I discovered two love letters received from other men, in her vanity box. I confronted her with the letters and she asked, 'What of it?' '' The witness testified further that as a result of the trouble he became and was at the time of the trial still very nervous. A sister of the plaintiff, a witness called in corroboration, testified as follows: ''The defendant was dissatisfied with married life, she was sorry she married him, she wanted to be free, she wanted him to get a divorce, she did not want to be married any longer, she refused to cook his meals or to do anything and while I was there I had to do the cooking, in order to have anything to eat in the house. She just said she was dissatisfied with married life. She said these things in the presence of the plaintiff and myself several times.'' The plaintiff and the defendant separated on the 5th of December. On the 11th of December the plaintiff discovered the letters referred to, one of which was introduced in evidence, and reads as follows:

Los Angeles, Cal., December 10, 1923.

''Dear little girl,

''I have only just got in from Needles and went to the post office and got your letter and am going to answer it right away. I sure am all tired out and am going home to have a good sleep as I have to go back to Needles tomorrow.

''You ask me dear to write and tell you that I love you, I only wish that I could show you really how much I do care for you, I thought of you all the time that I was in Needles and I was wishing you were there instead of in Fresno although I can't say that I like that town at all.

''I am indeed very sorry that you are so lonesome dear and I wish that I might be there with you, it is too bad that things have to be the way that they are with you but then it is all in a life time so try to cheer up and be a good

little girl, and you know that I am thinking of you all the time little girl if no one else is. . . .

"I hope that you will be able to send me a picture the next time that you write me and although I know how things are with you try to write as soon as possible as I will go to the post office when I return and hope that there will be a letter there for me.

"With all my love and lots of kisses that I wish were real.

"Dated: San Bernardino, December 10, 1923.

"DAL."

No findings were filed in the case, and it does not appear why and upon what grounds the decree of divorce was not granted. There does not appear to be anything in the record tending to discredit the testimony of any of the witnesses. The defendant failed to answer the charges, allowed default to be entered against her, and it therefore must be assumed that, so far as she was concerned, the allegations contained in the complaint were true.

[1] The question then is presented to this court as to the effect of the uncontradicted evidence. In 10 California Jurisprudence, 1143, section 362, this subject is stated as follows: "It is a general rule that the uncontradicted testimony of a witness to a particular fact may not be disregarded, but should be accepted as proof of the fact." This rule is approved in the concurring opinion to *Stewart* v. *Silva*, 192 Cal. 405 [221 Pac. 192]; *Gage* v. *Billing*, 12 Cal. App. 688 [108 Pac. 664].

The rule, however, that uncontradicted testimony cannot be arbitrarily rejected by the court is subject to the fact that it is not inherently improbable. If there is anything in the testimony which makes it inherently improbable or affecting its accuracy contained in the witness' own statement, or appearing from a consideration of all the surrounding circumstances then and in that case it is proper to disregard such testimony. (10 Cal. Jur., p. 1145, sec. 363.) [2] We do not find anything in the record indicating that the testimony which we have set forth is inherently improbable, or that the surrounding circumstances of the case, as disclosed by the record, were such as to render any of the testimony incredible or unworthy of belief.

With these considerations in view, do the facts disclosed by the record constitute extreme cruelty, as that term is

defined in section 94 of the Civil Code? [3] The fact that the defendant refused to attend to the usual household duties common to people living and occupying their station in life, and such as a right-thinking woman would ordinarily perform, cannot be said, as a matter of law, to constitute cruelty, even though it does tend to impose considerable hardship and additional burdens upon the husband, who is unfortunate enough to be married to a woman having so little regard for the usual wifely duties. Such facts, however, and such failure on the part of the wife to conform to the husband's station in life and to assist him in meeting and solving the usual daily problems of managing a properly conducted household which present themselves to married people from day to day may very properly be considered, however, for the purpose of determining the mental attitude of the wife, and whether she did or did not entertain such an attitude toward her husband as might reasonably show that she did not intend to fulfull her marriage obligations and whether she was seeking elsewhere for either diversion, pleasure, or happiness. In other words, such facts may be considered in determining whether all the circumstances disclosed constitute extreme cruelty. [4] There is no allegation of physical pain or suffering inflicted upon the plaintiff by the defendant and the question is simply one of whether the conduct of the wife was reasonably calculated to, and did, cause grievous mental suffering. The testimony shows that the defendant stated to the plaintiff a great many times that she was sorry that she married him; that she wanted to be free, so that she could do what she wanted and go where she pleased; that she was dissatisfied with married life, and, in substance, that she was through with the plaintiff. This testimony alone might or might not show sufficient grounds for a charge of cruelty, depending in large part upon the sensitiveness of the one to whom such remarks were addressed, but there appears something further in this case which we think is in and of itself sufficient to show conduct utterly subversive of the marital relation. No right-thinking man, and we may say no man worthy of the name, would or could be other than agitated and mentally disturbed by the knowledge of the fact that his wife was receiving endearing letters from other men. The concluding part of the letter is, in and of itself, sufficient to produce great

mental agitation and suffering, "With all my love and lots of kisses that I wish were real." It is true that the defendant did not write these words, but when confronted with the letter she simply asked, "What of it?" The letter shows upon its face that it is a reply to one from the wife in which she must have made statements eliciting the words which we have quoted from the letter signed by the man who calls himself "Dal." Correspondence of the kind to which we have referred is certainly subversive of the purposes of the marital relation as ordinarily understood. We think this testimony, when taken with other facts, to which we have adverted, sufficient to constitute cruelty, as defined by the Civil Code of this state.

The judgment of the trial court is hereby reversed.

Hart, J., and Finch, P. J., concurred.