[Civ. No. 19379.   Second Dist., Div. Three.   Aug. 6, 1953.]

DAVID S. PERRY, Appellant, v. MARGARET H. FUTCH
et al., Respondents.

S. L. Kurland for Appellant.

No appearance for Respondents.

SHINN, P. J.—When this action came on for trial defendants interposed an objection to the introduction of evidence upon the ground that plaintiff's amended complaint did not state facts sufficient to constitute a cause of action. The objection was sustained and judgment was rendered for the defendants. Plaintiff appeals.

The action is for damages. The complaint alleged that plaintiff agreed to purchase a residence from defendant Futch for $47,500; the agreement provided that the seller would provide a report of a licensed termite control operator showing the condition of the property with respect to termite infestation, dry rot and fungi and would pay for all work necessary to place the property in a condition free therefrom; defendant Futch represented that she had resided in the property for many years, that the house was in good livable condition, had no termite infestation, dry rot or fungi, and was free and clear of any defects. Defendant Futch employed defendant Herbert R. Packard, Jr., doing business as Packard Termite and Pest Control Co., to inspect the property and furnish a report; Packard furnished a report that the property was free from termite infestation, dry rot and fungi; the said representations were false and were known by each of the defendants to be false; the property was heavily infested with termites, dry rot and fungi; said facts were known to defendant Futch and were or reasonably should have been known to defendant Packard from a reasonable inspection of the property; said representations were made for the purpose of inducing plaintiff to purchase the property and were believed by plaintiff; in reliance upon the agreement and representations aforesaid plaintiff paid the purchase price of the property and went into possession; upon discovering the condition of the property plaintiff notified defendants thereof and demanded that they remedy the condition, which they failed to do; plaintiff caused said condition to be removed and necessary repairs made at a reasonable cost of $3,475. There were other allegations of damage, namely, that plaintiff was required to expend $599 to repair holes in the roof; defendant Futch removed certain mirrors, plants and other articles of the reasonable value of $300; said defendant agreed to deliver possession on or before September 1, 1950 and failed to do so, to plaintiff's damage in the sum of $500. There was also an allegation that the actions of defendant Futch were willful and were committed with intention to oppress and defraud

plaintiff and there was a request for $5,000 as punitive damages.

At the commencement of the trial defendants made a motion that plaintiff be required to elect between the claim of damages for fraud and those for damages for breach of contract. The motion was granted and plaintiff stated he would stand upon his cause of action for fraud. The court expressed the opinion that there was not a sufficient allegation of damage in that it was not alleged that the real property was worth less than the price paid, calling attention to section 3343 of the Civil Code. With the court's permission plaintiff amended his complaint to allege that the reasonable market value of the property at the time of the purchase was $44,025, being the difference between the price paid and the cost of ridding the property of termites, dry rot and fungi. The court then raised the objection that the complaint did not allege that plaintiff agreed to buy the property upon a representation that it was worth $47,500, ''which is one of the elements necessary in a fraud action.'' Plaintiff then asked leave to amend by alleging that defendant Futch also represented that the property then had a reasonable market value of $47,500. This application to amend was denied, the court stating: ''It is now an afterthought, merely because, in order to stay within the confines of an ex delicto action, those allegations must be made. I am satisfied if you make them, from your pleadings here, and your plaintiff attempts to testify to them, you will be impeached by his own pleadings here by not having mentioned anything about them before.'' Following these proceedings the objection to the introduction of evidence was sustained.

It appears from the lengthy discussion of the several claims that when plaintiff elected to stand upon his claim of damages for fraud it was his intention not to pursue any claims arising out of breach of contract in the present action. The election was made after the court stated repeatedly that plaintiff could not in the same action seek damages for fraud and also damages for breach of contract. ■ However this may be, if there was a misjoinder of causes of action, or if there were several causes of action not separately stated, it was error to sustain the objection to the introduction of evidence if the complaint alleged facts which would have warranted a judgment in plaintiff's favor. Misjoinder of causes of action and that they are not separately stated are grounds of demurrer, but if not raised by demurrer or answer are waived. (Code Civ. Proc., §§ 430, 433, 434; *Fellows* v. *City of Los*

*Angeles,* 151 Cal. 52, 60 [90 P. 137], and cases collected in 1950 Annos. to Deering's Code Civ. Proc., p. 606.) Defendants did not demur to the amended complaint nor raise the point by answer.

█ The facts alleged were sufficient to state a cause of action for fraud against both defendants. It was alleged that material facts were misrepresented, the representations were known by the defendants to be untrue and were made with the intention of inducing plaintiff to purchase the property; the representations were believed by plaintiff and he completed his purchase in reliance upon them; the difference between the price paid and the value of what plaintiff received was $3,475. These are the elements of actionable fraud. (*Hobart* v. *Hobart Estate Co.,* 26 Cal.2d 412, 422 [159 P.2d 958].)

█ An objection to the introduction of any evidence on the ground that a complaint fails to state a cause of action is in the nature of a general demurrer to the complaint or a motion by a defendant for judgment on the pleadings. It does not serve the purpose of a special demurrer. The objection may be sustained only where the complaint fails to state a cause of action, and that is the sole question presented to the court. (*Miller* v. *McLaglen,* 82 Cal.App.2d 219, 223 [186 P.2d 48].) It was also stated in the latter case: "A complaint should never be dismissed unless it appears to a certainty that no basic right of action can possibly exist or no relief can possibly be granted."

The judgment is reversed; plaintiff should be permitted to amend his complaint if he be so advised.

Wood (Parker), J., and Vallée, J., concurred.