[Civ. No. 22140.   Second Dist., Div. One.   Nov. 27, 1957.]

NATHAN M. DICKER, Respondent, v. ALEXANDER
BISNO et al., Appellants.

Nathan M. Dicker and Milton Linder for Respondent.

FOURT, J.—This is an appeal from a judgment in favor of the plaintiff and against the defendants Alexander Bisno and Combined Television Pictures, Inc. (formerly known as Snader Telescriptions Sales, Inc.) for services rendered; and from a judgment in favor of the plaintiff and counter-defendant and against the defendant and counterclaimant Alexander Bisno upon a counterclaim.

The plaintiff Dicker is an attorney-at-law. For many years he represented Alexander Bisno in connection with Bisno's real estate transactions. Dicker was on a monthly retainer basis and was paid added amounts when extraordinary services were required. The retainer agreement was separate and apart from the services referred to in the present complaint and is not connected therewith. Alexander Bisno owned all of the stock of Snader Telescriptions Sales, Inc., which corporation changed its name to Combined Television Pictures, Inc., named as one of the appellants herein. In the fall of 1952, while appellants were engaged extensively in the television film production and distributing business they became involved in legal difficulties. Dicker rendered services to the appellants as an attorney in such matters. He received $2,500 on account from Snader Telescriptions Sales, Inc. The balance of the fees were to be paid to the plaintiff when all

of the legal services had been completed. Plaintiff continued to represent the defendants in their television business activities until June 26, 1953, expending about 1,077 hours in connection therewith. The parties were unable to agree upon the reasonable value of the services rendered by the plaintiff to the defendants and on April 20, 1955, the plaintiff filed his complaint for legal services rendered "in the television film production and distributing business, and including in such services proceedings before an arbitrator." He alleged that the value of such services was $15,000, with a credit of $2,500 paid on account. One cause of action was stated against all defendants. The appellants answered the complaint by denying generally the allegations of the same, and alleging affirmatively that $7,500 had been paid by Alexander Bisno as full payment for any services of the plaintiff, and further alleged that the plaintiff was to look to the arbitration proceedings for further fees if any were due. By way of counterclaim, Alexander Bisno alleged that the plaintiff was indebted to him in the sum of $5,000 for money had and received. Thereafter an amended answer was filed wherein appellants changed the amount allegedly paid to the plaintiff from $7,500 to $2,500. The amount of the counterclaim was increased from $5,000 to $7,500. Two more amended answers were filed, neither, however, alleging any new affirmative defenses.

After a demand by the defendants for a bill of particulars, the plaintiff, on July 29, 1955, filed a document titled "Bill of Particulars," which set forth the services rendered to Alexander Bisno and Combined Television Pictures, Inc., in connection with the television matters. This document referred to certain arbitration proceedings and certain actions brought against Bisno in the state and federal courts. Further, it set forth that the services were rendered between October 20, 1952, and about July 15, 1953, and that such services were reasonably worth the sum of $15,000, upon which $2,500 had been paid on November 20, 1952. On September 26, 1955, plaintiff filed a supplemental bill of particulars in which he set forth all of the matters in which services were rendered for appellants. In this supplement the number of hours for each particular case and matter (and there were many) was set forth. It indicated that Dicker had spent 1,277 hours working for the defendants, of which 200 hours were on matters not connected with the television business. The reasonable value of the services was claimed to be $25 per hour, mak-

ing a total of $26,925 on account of the television activities, with a credit of $2,500 paid by Snader Telescriptions Sales, Inc., leaving a balance due Dicker of $24,425.

The court found that the plaintiff had rendered legal services to Alexander Bisno at his special request and that the reasonable value of those services was $1,600, and concluded that interest thereon in the amount of $264 was also due; further, that the plaintiff had rendered legal services to Snader Telescriptions Sales, Inc., later known as Combined Television Pictures, Inc., at its request, and the reasonable value of the services so rendered was $5,350, of which $2,500 had been paid on account thereof, and concluded that interest on the balance, in the amount of $473, was also due. Also, it was found that the plaintiff had rendered legal services to Alexander Bisno and Snader Telescriptions Sales, Inc., now known as Combined Television Pictures, Inc., jointly, at their request and that the reasonable value of such services was $3,200, and concluded that interest thereon in the amount of $530 was also due. In other words, the court found that the services of the plaintiff to the defendants jointly and severally were of the value of $10,150, of which $2,500 had been paid by Snader Telescriptions Sales, Inc., and that there remained due and owing to the plaintiff the sum of $7,650. plus interest upon the various amounts from the dates the said amounts were found to be due and owing. The court gave judgment to the plaintiff and ordered the liability split as follows: Alexander Bisno—$1,864; Combined Television Pictures, Inc.—$3,323; Alexander Bisno and Combined Television Pictures, Inc., jointly—$3,731.

Simply stated, the issues are (1) was it reversible error to file a supplemental bill of particulars in which a larger balance than that contained in the prayer of the complaint was indicated; (2) can the appellants for the first time on appeal raise an objection that there has been a misjoinder of causes of action or parties when such is not apparent on the face of the complaint; (3) is there any reason why a partly several and partly joint judgment should not be rendered against several defendants sued jointly in one cause of action where the question of misjoinder has not been raised in the trial court; (4) was it reversible error for the court to comment upon what it intended with reference to certain statements of the arbitrator; (5) may the statute of limitations be raised for the first time on appeal?

We are of the opinion that the answer in each instance is—No.

Code of Civil Procedure, section 580, provides that where an answer is filed the court may grant to the plaintiff any relief consistent with the case made by the complaint and embraced within the issue. The complaint in the present case was based upon the performance of legal services to the defendants in the television business. The plaintiff testified at length concerning the services rendered to appellants, either jointly or severally, in their television activities. There were no objections to such testimony upon the ground that it was outside the scope of the issues raised by the complaint. Plaintiff also testified, without objection, as to the value of the services rendered, which testimony was to the effect that the value of the services exceeded the amounts set forth in the prayer in the complaint.

In a contested case the plaintiff may secure relief greater than that prayed for. (*Martin* v. *Pacific Southwest Royalties, Inc.*, 41 Cal.App.2d 161, 172 [106 P.2d 443]; *Johnson* v. *Polhemus*, 99 Cal. 240, 244 [33 P. 908]; *Potter-Huffman etc. Co.* v. *Witcher*, 48 Cal.App. 93, 96 [191 P. 725]; *Von Schrader* v. *Milton*, 96 Cal.App. 192, 198 [273 P. 1074]; *Nathan* v. *Dierssen*, 164 Cal. 607, 611 [130 P. 12].)

The bill of particulars was simply an amplification of the complaint (*Kurokawa* v. *Saroyan*, 95 Cal.App. 772, 775 [273 P. 613]; *Gage* v. *Billing*, 12 Cal.App. 688 [108 P. 664]), and it merely gave the defendants reasonable notice of the items constituting the plaintiff's claim, to the end that they could be prepared for trial. (*McCarthy* v. *Mt. Tecarte L. & W. Co.*, 110 Cal. 687, 692 [43 P. 391].)

In any event, in this case the judgment was less than the amount prayed for in the complaint, and less than the amount set forth in either the first or the supplemental bill of particulars. The question, therefore, is an academic one in this instance, and no substantial rights of either party are affected either way. (*Keefer* v. *Keefer*, 31 Cal.App.2d 335 [87 P.2d 856].)

As to the misjoinder of causes of action, or misjoinder of the parties, it is apparent that such does not exist upon the face of the complaint. Section 430, Code of Civil Procedure, states when a defendant may demur to a complaint. Subdivisions (4) and (5) thereof read as follows: "4. That there is a defect or misjoinder of parties plaintiff or defendant; 5. That several causes of action have been improperly united,

or not separately stated." Section 433, Code of Civil Procedure, provides that when any of the matters enumerated in section 430 do not appear upon the face of the complaint, the objection may be taken by answer, and section 434 of the same code sets forth that if no objection is taken either by demurrer or answer, the defendant must be deemed to have waived the objection, excepting only the objection as to jurisdiction of the court and the objection that the complaint does not state a cause of action. There was no contention by the appellants that the court did not have jurisdiction and there was no objection upon the ground that the complaint did not state a cause of action. There was no demurrer. Neither the answer nor any of the amended answers set forth any objections as to misjoinder of parties or misjoinder of causes of action. ██ The objection cannot be raised, as it was in this case, for the first time on appeal. (*Diel* v. *Baxter*, 58 Cal.App. 2d 383 [136 P.2d 789]; *Frazure* v. *Fitzpatrick*, 21 Cal.2d 851 [136 P.2d 566]; *Perry* v. *Futch*, 119 Cal.App.2d 556 [259 P.2d 971].)

The appellants had an opportunity, had they been so minded, to request of the court that they be permitted to amend their answer to set forth the proper objection if the supplemental bill of particulars disclosed a misjoinder of parties or a misjoinder of causes of action; but they did not see fit to avail themselves of such opportunity. They cannot now be heard to complain.

██ As to the matter of whether a partly several, partly joint judgment may be rendered against several defendants sued jointly in one cause of action, where the question of misjoinder has not been raised, it is to be remembered in this instance that the plaintiff's complaint set forth that the services were rendered to the defendants and no objection was raised as to the form of the pleading. The proof was to the effect that all of the services rendered by the plaintiff were to the defendants in their television activities, as alleged in the complaint. ██ We have already alluded to the provisions of section 580 of the Code of Civil Procedure as applying here. Further, it is set forth in section 379a, Code of Civil Procedure, that all persons may be joined as defendants against whom the right to any relief is alleged to exist, whether jointly, severally, or in the alternative, and judgment may be given against such one or more of the defendants as may be found to be liable, according to their respective liabilities.

In the case before us, neither appellant was held liable for the obligation of the other, except insofar as it was a joint obligation. Each was adjudged to pay his or their respective share of the liability for the services rendered. The reasons for the provisions in the last mentioned code sections are fairly apparent, namely, to give greater freedom and flexibility in practice and to place responsibility for a wrong without the necessity of a multiplicity of suits. (*Busset* v. *California Builders Co.*, 123 Cal.App. 657 [12 P.2d 36].)

■ The next contention is in essence, that the court refused to give consideration to certain tape recordings. The plaintiff, in rebuttal to what was set forth in the tape recordings introduced by appellants, was attempting to introduce a letter into evidence. The appellants objected to the letter as hearsay and the objection was sustained. In sustaining the objection the court said: ''I will state now, unless something further occurs in this trial, that I intend to give no value to the arbitrator's statement of what he intended to do, or was doing. I am concerned with what he did, not as his intentions may have been expressed from time to time.''

The appellants had, at that time presented all of their evidence and respondent had completed his case but for a small amount of rebuttal, and he himself was on the witness stand. The court was properly more concerned with what the arbitrator did, than in what he said he intended to do. It is the duty of the trial court to weigh the evidence and testimony and to give to it the value and credit which the court thinks it should receive under the circumstances.

Lastly, the appellants contend that some of the services rendered by the plaintiff were completed more than two years before the filing of the complaint. As heretofore indicated, the defense of the statute of limitations was not raised by demurrer or by any other proceeding prior to this appeal.

■ The defense of the statute of limitations is a personal privilege which must be affirmatively invoked by appropriate proceedings in the lower court, otherwise it is waived. (*Hall* v. *Chamberlain*, 31 Cal.2d 673, 679 [192 P.2d 759]; *Bliss* v. *Sneath*, 119 Cal. 526, 528 [51 P. 848]; *Sheeter* v. *Lifur*, 113 Cal.App.2d 729, 739 [249 P.2d 336].) ■ The defense of the statute of limitations in this case did not clearly appear on the face of the complaint and therefore the plea, if it was to be of any avail, should have been made by answer. (*Vassere* v. *Joerger*, 10 Cal.2d 689, 693 [76 P.2d 656]; *Pleasant* v. *Samuels*, 114 Cal. 34 [45 P. 998].) Even if such were not

the law, in the case at hand there was ample evidence of activity upon the part of the plaintiff to toll the statute of limitations.

As to the counterclaim against the plaintiff, the trial court summed up the matter when, at the conclusion of the case it said:

"The Court has listened carefully to the evidence and is prepared to indicate one finding in connection with the counter-claim, to wit, that it has not been established by a preponderance of the evidence. The Court feels that this is the imagined figment of some defendant's imagination."

We find no prejudicial error in the record.

The judgment is affirmed.

White, P. J., and Drapeau, J.,* concurred.

*Assigned by Chairman of Judicial Council.